J-S63025-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY PAUL MUNOZ | |
| Appellant | No. 471 MDA 2014 |

Appeal from the Judgment of Sentence August 1, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003754-2008
CP-36-CR-0004581-2010
CP-36-CR-0004656-2010

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED NOVEMBER 10, 2014**

Appellant, Anthony Paul Munoz, appeals from the judgment of sentence entered August 1, 2013, in the Court of Common Pleas of Lancaster County, following the revocation of his probation.  We affirm.

On May 18, 2012, Munoz entered guilty pleas to two counts of Delivery of Cocaine at 4581 and 4656 of 2010, respectively, and to one count of Possession with Intent to Deliver Cocaine at 3754 of 2008.  Pursuant to a negotiated plea agreement, Munoz was sentenced to concurrent terms of ten years' probation on each count.

---

[*] Retired Senior Judge assigned to the Superior Court.

While serving probation, Munoz entered guilty pleas to two counts of criminal conspiracy to deliver a controlled substance at 914 and 915 of 2013. On August 1, 2013, the trial court conducted a probation revocation hearing for the charges imposed at 4581 and 4656 of 2010 and 3754 of 2008. After reviewing a pre-sentence investigation report, the court revoked Munoz's probation and resentenced him to five to ten years' incarceration at each count, to be served concurrently. Munoz filed a timely post-sentence motion, which the trial court denied.

Munoz's privately retained counsel filed a notice of appeal and a Petition for Leave to Withdraw. Counsel was permitted to withdraw and new counsel was subsequently appointed. On October 23, 2013, this Court quashed Munoz's appeal as untimely. Thereafter, Munoz filed a PCRA petition requesting reinstatement of his appellate rights *nunc pro tunc*, which the PCRA court granted. Munoz filed a new Motion to Modify sentence, which the trial court denied. A timely *nunc pro tunc* appeal followed.

On appeal, Munoz argues that his aggregate sentence was manifestly excessive and grossly disproportionate to the crimes committed. Our standard when reviewing a sentence imposed following the revocation of probation is as follows:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Also, upon sentencing following revocation of probation, the trial court is limited only by the

maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Commonwealth v. Tann*, 79 A.3d 1130, 1132 (Pa. Super. 2014) (citation omitted), *appeal denied*, 94 A.3d 1009 (Pa. 2014).

Munoz challenges the discretionary aspects of his sentence. In *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), an *en banc* panel of this Court concluded that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Id*., at 1034. Therefore, Munoz's claim is properly before us.

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Munoz filed a timely appeal and challenged his sentence in a post-sentence motion. Munoz's appellate brief also contains the requisite

Rule 2119(f) concise statement, in which he argues that the trial court's sentence of five to ten years' incarceration was disproportionate to the crimes committed, and so manifestly excessive as to constitute an abuse of discretion. Appellant's Brief at 14. This claim raises a substantial question for our review. *See Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) (claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question for our review).

Initially, we note our confusion regarding Munoz's challenge to the "aggregate" nature of his sentence. The trial court sentenced Munoz to *concurrent*, rather than *consecutive* terms of five to ten years' imprisonment. Although the trial court could have sentenced Munoz to serve consecutive terms of imprisonment, it chose not to do so. If anything, Munoz arguably benefited from this aspect of the court's sentencing structure. Simply put, we see no basis on which to challenge the court's imposition of concurrent sentences.

Although Munoz claims that the trial court erred in imposing a sentence that was inconsistent with the protection of the public, the gravity of the offenses, and his rehabilitative needs, we note that the trial court reviewed a pre-sentence report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A

pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citing

*Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988)).

As the trial court in this case did have the benefit of a pre-sentence report, we must presume that it considered all relevant sentencing factors and did not impose a sentence based solely on the gravity of the offenses.

We additionally note that while Munoz argues that the sentence imposed by the lower court following revocation was excessive, he notably does not argue that the sentence imposed by the court was beyond the maximum. Nor does the record support such an assertion. It is well settled that the sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations. *See Commonwealth v. Ware*, 737 A.2d 251, 255 (Pa. Super. 1999).[1] Here, the lower court did not exceed the

---

[1] 204 PA.CODE § 303.1(b) provides: "The sentencing guidelines do not apply to sentences imposed as a result of the following: . . . revocation of probation, intermediate punishment or parole."

statutory maximum when it resentenced Munoz following the revocation of his probation. Accordingly, we discern no abuse of discretion in the sentence imposed by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2014