J-S76028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHAN GENE WATKINS | |
| Appellant | No. 1054 WDA 2014 |

Appeal from the Judgment of Sentence June 4, 2014
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000765-2005

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

MEMORANDUM BY PANELLA, J.                    **FILED FEBRUARY 18, 2015**

Appellant, Nathan Gene Watkins, appeals from the judgment of sentence entered following the revocation of his probation June 4, 2014.[1] Additionally, Watkins's court-appointed counsel, Erich R. Spessard, Esquire, has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Watkins' judgment of sentence and grant counsel's petition to withdraw.

Watkins entered a guilty plea to criminal mischief and conspiracy to commit arson on April 5, 2006.  The lower court sentenced Watkins to nine

---

[1] Although Watkins purports to appeal from the order entered June 9, 2014, which denied his post-sentence motion for modification of sentence, his appeal properly lies from the judgment of sentence entered June 4, 2014. We have amended the caption accordingly.

to eighteen months' imprisonment on the conspiracy charge, to be followed by five years' probation for criminal mischief. Subsequent thereto, Watkins was found to be in violation of his probation on January 26, 2012, May 24, 2012, and December 19, 2013. Relevant to the instant appeal, yet another revocation hearing was scheduled for May 29, 2014. Following the hearing, the court determined that Watkins had violated the conditions of his probation by failing to inform the probation office of his recent arrest and sentence for retail theft in Westmoreland County, by attempting to escape on April 25, 2014, and by failing to make payments of "fines, costs, supervision fees and restitution which has a total balance in excess of $43,000." N.T., **Gagnon II** Hearing, 3/29/14 at 70. Thereafter, the court revoked Watkins's probation on criminal mischief and resentenced him to 3½ to 7 years' incarceration with credit for time served. Watkins filed a timely post-sentence motion, which the court denied. This timely appeal followed.

Preliminarily, we note that Attorney Spessard has requested to withdraw and has submitted an **Anders** brief in support thereof contending that Watkins' appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

We note that Attorney Spessard has substantially complied with all of the requirements of ***Anders*** as articulated in ***Santiago***. Additionally, Attorney Spessard confirms that he sent a copy of the ***Anders*** brief as well as a letter explaining to Watkins that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to Attorney Spessard's petition, as required by this Court's decision in ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005), in which we held that "to facilitate appellate review, … counsel *must* attach as an exhibit to the petition to withdraw filed with this Court a copy of the letter sent to counsel's client giving notice of the client's rights." ***Id***., at 749 (emphasis in original).

We will now proceed to examine the issues counsel set forth in the ***Anders*** brief.[2] Watkins first argues that the trial court abused its discretion when it revoked his probation. ***See*** Appellant's Brief at 4.

A court may revoke an order of probation upon proof of the violation of specified conditions of the probation. ***See Commonwealth v. Infante***, 888 A.2d 783, 791 (Pa. 2005). "A probation violation is established whenever it

---

[2] Watkins has not filed a response to Attorney Spessard's petition to withdraw.

is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct." ***Id***., at 791. Technical violations are sufficient to trigger revocation. ***See Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000).

Instantly, the trial court conducted a probation revocation hearing on May 29, 2014, at which Clarion County Adult Probation Officer Curtis Drake testified that he had an appointment with Watkins on April 25, 2014, in order to discuss Watkin's April 16, 2014 conviction and sentence for retail theft in Westmoreland County. ***See*** N.T., ***Gagnon II*** Hearing, 3/29/14 at 6-7. Officer Drake testified that when he confronted Watkins, he repeatedly denied the conviction and resulting sentence of one-year probation. ***See id***. at 7. Officer Drake placed Watkins under arrest for failing to report the police contact and resulting conviction and sentence to the probation department, in violation of the rules and conditions of his probation supervision. ***See id***. at 11-12. Officer Drake additionally testified that as he was escorting Watkins to his vehicle, Watkins slipped from his grip and began to sprint away from the building. ***See id***. at 15. Officer Drake chased and was able to subdue Watkins. Adult Probation Officers Jay Kerle and Michael Blum confirmed Officer Drake's testimony regarding Watkins' attempt to flee custody. ***See id***. at 31-32; 36-39.

Following the hearing, the trial court found by clear and convincing evidence that Watkins had violated Rule 4 of the terms and conditions of his

probation by being arrested and not informing the probation office of his arrest or sentence. *See id*. at 70. The court further determined Watkins had violated Rule 9 by attempting to escape on April 25, 2014, and Rule 10 by failing to make payments of "fines, costs, supervision fees and restitution which has a total balance in excess of $43,000." *Id*. In light of Watkins' repeated and willful violations of the lower court's specified probationary conditions, we find no abuse of discretion in the court's revocation of his probation.

Lastly, Watkins argues that the sentence imposed by the trial court was "unjust or unduly harsh[.]" Appellant's Brief at 13. Our standard when reviewing a sentence imposed following the revocation of probation is as follows:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Also, upon sentencing following revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Commonwealth v. Tann*, 79 A.3d 1130, 1132 (Pa. Super. 2014) (citation omitted), *appeal denied*, 94 A.3d 1009 (Pa. 2014).

Watkins challenges the discretionary aspects of his sentence. In *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), an *en banc* panel of this Court concluded, "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing

challenges." **Id**., 83 A.3d at 1034. Therefore, Watkins claim is properly before us.

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

**Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Watkins filed a timely appeal and challenged his sentence in a post-sentence motion. Although Watkins' brief does not contain the requisite Rule 2119(f) statement, the Commonwealth does not object to the statement's absence. Consequently, we decline to find waiver. **See Commonwealth v. Antidormi**, 84 A.3d 736, 759 (Pa. Super. 2014), **appeal denied**, 95 A.3d 275 (Pa. 2014) (declining to find waiver where Commonwealth did not object to Appellant's failure to comply with Rule 2119(f)).

Watkins argues in his brief that the sentence imposed by the revocation court was so manifestly excessive as to constitute an abuse of discretion. **See** Appellant's Brief at 13. This claim raises a substantial question for our review. **See Commonwealth v. Kelly**, 33 A.3d 638, 640 (Pa. Super. 2011) (claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question for our review).

While Watkins argues that the sentence imposed by the lower court following revocation was excessive, he notably does not argue that the sentence imposed by the court was beyond the maximum. Nor does the record support such an assertion. It is well settled that the sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations. **See Commonwealth v. Ware**, 737 A.2d 251, 255 (Pa. Super. 1999).[3] Here, the lower court did not exceed the statutory maximum when it resentenced Watkins to 3½ to 7 years' imprisonment for the charge of criminal mischief following the revocation of his probation. Accordingly, we discern no abuse of discretion in the sentence imposed by the trial court.

---

[3] 204 PA.CODE § 303.1(b) provides: "The sentencing guidelines do not apply to sentences imposed as a result of the following: . . . revocation of probation, intermediate punishment or parole."

After examining the issues contained in the **Anders** brief and after undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel granted. Jurisdiction relinquished.

President Judge Emeritus Ford Elliott joins in the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015