J-S48008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL JOHN CLARK | |
| Appellant | No. 1195 WDA 2014 |

Appeal from the Judgment of Sentence June 23, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000268-2009

BEFORE: PANELLA, J., DONOHUE, J., and WECHT, J.

MEMORANDUM BY PANELLA, J. **FILED OCTOBER 26, 2015**

Appellant, Michael John Clark, appeals from the judgment of sentence entered on June 23, 2014, in the Court of Common Pleas of Jefferson County. Additionally, Clark's court-appointed counsel, Mark Allan Wallisch, Esquire, has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Clark's judgment of sentence and grant counsel's petition to withdraw.

On December 16, 2009, Clark entered a guilty plea to delivery of a controlled substance, 35 P.S. § 780-113(a)(30), and was sentenced to five years in the Jefferson County Intermediate Punishment Program, including 6 months' partial confinement, with work release in the Jefferson County Jail. On November 2, 2011, Clark was found to be in violation of the conditions of

his probation. The court extended his sentence in the County Intermediate Punishment program for two years, including six additional months of partial confinement and 90 days of electronic monitoring. On November 14, 2012, Clark was again found to be in violation of his probation, after which the revocation court re-sentenced Clark to two years in the State Intermediate Punishment Program.

Relevant to the instant proceeding, Clark appeared for yet another revocation hearing on June 23, 2014, at which it was determined that Clark had been administratively expelled from the State Intermediate Punishment Program due to various infractions. *See* N.T., Revocation Hearing, 6/23/14 at 22. Thereafter, the revocation court revoked Clark's participation in the State Intermediate Punishment Program, and resentenced him to four to fifteen years of incarceration, with credit for time served. Clark filed a motion to reduce sentence, which the court denied. This timely appeal followed.

Attorney Wallisch has requested to withdraw and has submitted an *Anders* brief in support thereof contending that Clark's appeal is frivolous. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal.

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set

- 2 -

forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Attorney Wallisch has substantially complied with all of the requirements of **Anders** as articulated in **Santiago**. Additionally, Attorney Wallisch confirms that he sent a copy of the **Anders** brief as well as a letter explaining to Clark that he has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to Attorney Wallisch's petition. ***See Commonwealth v. Daniels***, 999 A.2d 5990, 594 (Pa. Super. 2010); ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005).

We now proceed to examine the issue counsel sets forth in the **Anders** brief.[1]

Whether the trial court abused its discretion when it revoked Appellant's State Intermediate Punishment and re-sentenced him to serve a sentence of incarceration in a State Correctional Institution for a minimum of four (4) years to a maximum of fifteen (15) years with credit for time served for [A]ppellant's failure to complete State Intermediate Punishment.

Appellant's Brief at 4.

Our standard when reviewing a sentence imposed following the revocation of probation is as follows.

Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court

_____

[1] Clark has not filed a response to Attorney Wallisch's petition to withdraw.

to consider the same sentencing alternatives that it had at the time of the initial sentencing. Also, upon sentencing following revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Commonwealth v. Tann*, 79 A.3d 1130, 1132 (Pa. Super. 2014) (citation omitted), *appeal denied*, 94 A.3d 1009 (Pa. 2014).

Clark challenges the discretionary aspects of his sentence. In *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), we concluded that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Id*. at 1034. Therefore, Clark's claim is properly before us.

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

- 4 -

Clark challenged his sentence in a post-sentence motion and filed a timely appeal. Clark's appellate brief also contains the requisite Rule 2119(f) concise statement. We must now determine whether Smith's challenge to the discretionary aspects of his sentence raises a substantial question.

"A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013) (citation omitted). "We note that a generic claim that a sentence is excessive does not raise a substantial question for our review." *Id*. (citation omitted).

Clark claims in his Rule 2119(f) statement that the "sentence was manifestly unreasonable under the circumstances of the case … and that the [c]ourt's reasons for the sentence did not justify the severity." Appellant's Brief at 9. Clark does not does not challenge a specific provision of the sentencing scheme or allege that any particular fundamental norm underlying the sentencing process was violated. This claim essentially amounts to a bald allegation that Clark's sentence was excessive, without citation to legal authority. The claim fails to raise a substantial question for

our review. Therefore, we will not review Clark's sentencing claim. ***See Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 785 (Pa. Super. 2015) (*en banc*) ("A defendant who fails to raise a substantial question is not entitled to appellate review of the discretionary aspects of sentence, even if raised in a post-sentence motion.").

After examining the issue contained in the ***Anders*** brief and after undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Permission to withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2015