**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Shawn TANN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 29, 2013.

Filed Oct. 7, 2013.

Reargument Denied Dec. 19, 2013.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: ALLEN, COLVILLE,* and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:

Shawn Tann (Appellant) appeals from the judgment of sentence of 5½ to 11 years

of imprisonment following revocation of his probation. We affirm.

The trial court summarized the history of the case as follows.

On January 26, 2004, [Appellant] entered into a negotiated guilty plea to [p]ossession [w]ith [i]ntent [t]o [d]eliver (PWID) heroin and crack cocaine, 35 P.S. § 780–113(a)(30). He was sentenced pursuant to the guilty plea [agreement] to 11½ to 23 months [of] incarceration (and to attend a drug treatment program) followed by 24 months [of] reporting probation. . . .

At a [violation of probation (VOP)] hearing on April 8, 2005, [Appellant] pled guilty to prostitution. [Appellant] also testified at the VOP hearing that he did not complete his previously ordered drug program. After the hearing, he was sentenced to 4 to 12 months [of] incarceration for prostitution with immediate parole, and 6 to 12 months [of] incarceration for his PWID VOP (he was ordered to complete the Options Program and [the trial] court authorized work release during the last 3 months of the sentence) followed by 36 months [of] probation (24 months reporting and 12 months non-reporting).

On March 21, 2007, a second VOP [hearing] was held, after which, [the trial] court found [Appellant] in violation of his probation ([Appellant] absconded/never reported to probation, never paid costs and fines, and incurred new arrests). The [trial] court then sentenced [Appellant] to 21 to 48 months [of] state incarceration followed by 36 months [of] reporting probation for his PWID VOP, as well as, 12 months [of] reporting probation for his prostitution VOP. . . . [Appellant] filed an appeal [from] his VOP sentence on April 19, 2007; the appeal was later "discontin-

---

* Retired Senior Judge assigned to the Superior Court.

ued" by the Superior Court on September 19, 2007.

On November 21, 2011, [the trial] court revoked [Appellant's] probation for technical violations and ordered a PSI. [The trial] court noted in its file . . . that the Sentencing Guidelines did not reflect a Delaware PWID conviction on July 21, 1999, in New Castle County. Therefore, when [Appellant] originally pled guilty to PWID . . . in 2003, his sentencing status should have been that of a drug recidivist.

After a VOP sentencing hearing on March 6, 2012, [the trial] court sentenced [Appellant] to 66 to 132 months [of] incarceration for his PWID VOP; his prostitution sentence had expired.

Trial Court Opinion, 7/12/2012, at 1–3 (citations omitted).

Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.[1] Appellant states one question for our review: "[d]id not the lower court impose an illegal sentence of 5½ to 11 years following [A]ppellant's revocation of probation when the maximum penalty that the court could impose was ten years [of] confinement?" Appellant's Brief at 3.

We consider Appellant's challenge to his sentence pursuant to the following standard.

Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Also, upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Commonwealth v. Simmons,* 56 A.3d 1280, 1286–1287 (Pa.Super.2012) (quoting *Commonwealth v. MacGregor,* 912 A.2d 315, 317 (Pa.Super.2006)).

Because Appellant had been convicted of a PWID offense in 1999, the maximum sentence the trial court could have imposed originally was 20 years of imprisonment and a fine of up to $200,000. *See* 35 P.S. § 780–115 (providing for second or subsequent offenders a sentence and fine of twice the amount otherwise authorized). Appellant does not dispute this fact. However, because no one other than Appellant was aware of his prior conviction, the plea colloquy indicated that the maximum penalty he faced was 10 years' incarceration and up to $100,000 in fines. Appellant argues that this error is binding on the trial court, and prohibits the VOP court from sentencing him to more than the maximum provided in the plea colloquy. *See* Appellant's Brief at 10–11.

The trial court rejected Appellant's argument, relying upon *Commonwealth v. Wallace,* 582 Pa. 234, 870 A.2d 838 (2005), and *Commonwealth v. Raphael,* 879 A.2d 1264 (Pa.Super.2005). In *Wallace,* our Supreme Court, noting that the trial court upon the revocation of probation possesses all of the sentencing alternatives it had at the time of the initial sentencing, held "the court is similarly free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and a prosecutor." *Wallace,* 870 A.2d at 843. *See also Raphael, supra* (same); *Commonwealth v. Parsons,* 969 A.2d 1259, 1270 n. 6 (Pa.Super.2009) (*en banc*) ("At re-sentencing following revocation of parole/probation, the court is no

---

1. Appellant initially sought and was denied additional time to file an amended Rule 1925 statement. However, this Court remanded the case to allow Appellant to do so, and the trial court supplemented its opinion accordingly.

longer bound by the terms of the original plea bargain; so breached, the sentencing aspect of the original plea bargain is no longer binding on the court, which then has the full panoply of sentencing options available upon re-sentencing following revocation."). Based upon these cases, the trial court determined that it was not bound by the sentencing information disclosed in the plea colloquy, but was bound only by the statutory maximum of 20 years.

Appellant argues that the more instructive precedent is our Supreme Court's decision in *Commonwealth v. Mazzetti*, 615 Pa. 555, 44 A.3d 58 (2012). In that case, the Commonwealth, in reaching a plea agreement with Mazzetti, waived application of a mandatory minimum sentence and, accordingly, did not provide the requisite notice of intent to seek it and did not present evidence of the applicability of it at sentencing. Upon revocation of Mazzetti's probation, however, the Commonwealth sought to invoke that mandatory minimum at resentencing. Our Supreme Court held that the Commonwealth could not do so. Because the Commonwealth failed to comply with the statutory prerequisites for applying the mandatory minimum at Mazzetti's original sentencing, the trial court did not have that option available to it at the original sentencing. Therefore, "[s]ince the court did not have the option to apply the mandatory minimum at [Mazzetti's] initial sentencing, the Commonwealth could not compel its imposition at resentencing." *Id.* at 65. Relying on *Mazzetti*, Appellant argues that because the Commonwealth did not ask the trial court to sentence him as a recidivist under section 780–115 at the initial sentencing, that enhancement was unavailable to the trial court at resentencing. Appellant's Brief at 11.

Neither the *Wallace* line of cases nor the *Mazzetti* decision is directly on point; however, we hold that the former is more analogous to the instant case.

■ Following the acceptance of a negotiated plea, the trial court is not required to sentence a defendant in accordance with the plea agreement. Such a sentence is legal, so long as it does not exceed the statutory maximum. However, a criminal defendant who is sentenced to more than was agreed upon in a negotiated plea may withdraw his guilty plea upon being deprived of the benefit of his bargain. *See, e.g., Wallace*, 870 A.2d at 843 n. 5 (citing Pa.R.Crim.P. 591(A)). Nonetheless, when such a criminal defendant violates the terms of his probation, he may be resentenced up to the statutory maximum, regardless of the fact that the lesser sentence induced him to plead guilty in the first place.

Similarly, had the trial court initially sentenced Appellant to more than the 10–year maximum sentence erroneously disclosed in the plea colloquy, the sentence would not have been illegal, but Appellant would have been entitled to withdraw his guilty plea. *See Commonwealth v. Hodges*, 789 A.2d 764, 767 (Pa.Super.2002) (noting that when a criminal defendant pleads guilty based upon incorrect information about what maximum sentence he could receive, and he is sentenced to a term beyond what he believed that he faced, he may withdraw his plea based on the manifest injustice that would otherwise result).

■ We are not moved by Appellant's implicit argument that, although knowing that he was a prior drug offender, he somehow relied upon the erroneous statement of his possible maximum sentence in twice deciding to violate the terms of his probation. Once Appellant violated the terms of his probation, he, like the defendant in *Wallace*, forfeited the benefit of the expectations that induced his plea, and was able to be legally sentenced to the maximum allowed by statute.

Additionally, the enhancement of 35 P.S. § 780–115 is not akin to the mandatory minimum at issue in *Mazzetti.* In order to apply the mandatory minimum in that case, the Commonwealth had the affirmative duty to give Mazzetti notice and to prove the facts warranting its application. However, section 780–115

> does not provide for any fact-finding, nor does it make the increased maximum sentence contingent on any factual question that has not already been determined. The fact of a prior conviction stands alone; it does not require a presumption-it either exists as a matter of public record or it does not.

*Commonwealth v. Aponte,* 579 Pa. 246, 855 A.2d 800, 811 (2004).

Appellant does not dispute that his prior PWID conviction is a matter of public record. Accordingly, we are not persuaded that Appellant's sentence of 5½ to 11 years is illegal.

Judgment of sentence affirmed.