J-S79045-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| LORRAINE M. DUTILL, | : | |
| | : | |
| Appellant | : | No. 973 EDA 2014 |

Appeal from the Judgment of Sentence Entered March 10, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0012266-2013

BEFORE: ALLEN, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED FEBRUARY 10, 2015**

Lorraine M. Dutill (Appellant) appeals from the judgment of sentence of two years of probation entered following her convictions for simple assault and recklessly endangering another person (REAP). Specifically, Appellant challenges the denial of her post-sentence motion to withdraw her plea of *nolo contendere*. We affirm.

On December 10, 2013, Appellant pled *nolo contendere* to simple assault and REAP based upon the following factual basis:

> a person by the name of Patricia Anderson who is [Appellant's] mother would state that [Appellant] was going to care for her feet, and put her feet in boiling water. When Ms. Anderson said that the water was too hot, [Appellant] added more boiling water and put her feet back into the boiling water. When confronted by Ms. Anderson's caretaker and by Detective Tolliver, [Appellant] blamed the [Ms. Anderson's] nurse, a Faith Brown.

*Retired Senior Judge assigned to the Superior Court.

> However, after [Appellant] left, [Ms. Anderson] did state that it was [Appellant who] injured her feet.

N.T., 12/10/2013, at 6. In exchange for the plea, the Commonwealth agreed to drop the remaining charges and recommend a sentence of two years' probation and an order that Appellant stay away from her mother. *Id.* at 5; Written Nolo Contendere Plea Colloquy, 12/10/2013, at 1 (pages unnumbered). The trial court accepted Appellant's no contest plea, and immediately sentenced her as recommended by the Commonwealth.

Three days later, Appellant, through different counsel, served a motion to withdraw her *nolo contendere* plea. Therein, she sought to withdraw her plea for the following reasons: (1) she lost her teaching certificate as a result of the plea; (2) she was unaware and unadvised at the time of the plea of the "dire circumstances she would incur" as a result of the plea; (3) she thought her record would be expunged with a *nolo contendere* plea; (4) she was "led to believe" that a no contest plea "was not a conviction;" and (5) the "stay away order" entered as part of her sentence prevented her from having contact with her mother, who was gravely ill and under hospice care. Motion to Withdraw Nolo Contendere Plea, 12/17/2013, at ¶¶ 2-6.

The trial court held hearings on Appellant's motion on December 17, 2013, and again on March 10, 2014. At the conclusion of the second

hearing, the trial court denied the motion. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.[1]

Appellant presents one question for this Court's review: whether, under ***Padilla v. Kentucky***, 559 U.S. 356 (2010), Appellant's lack of knowledge that she would lose her teaching certificate as a result of her plea rendered her plea unknowing, involuntary, and/or unintelligent.[2] Appellant's Brief at 7.

Our standard of review is as follows.

> [A]fter the court has imposed a sentence, a defendant can withdraw his [*nolo contendere*] plea only where necessary to correct a manifest injustice. [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of [] pleas as sentencing-testing devices. …

---

[1] This Court entered an order on September 18, 2014, granting the Commonwealth's motion for an extension of time to file its brief. The Commonwealth did not file its brief until more than a month after the extended deadline. Accordingly, with Commonwealth offering no explanation for its failure to comply with this Court's order, we granted Appellant's motion to strike the Commonwealth's brief.

[2] Verbatim, Appellant's "question" is as follows.

> THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION TO WITHDRAW HER GUILTY PLEA. APPELLANT SATISFIED THE REQUIREMENTS TENDING TO PROVE THAT HER PLEA WAS NOT KNOWING VOLUNTARY OR INTELLIGENT ACCORDING TO AN OPINION BY JUSTICE ALITO IN THE PADIA CASE AND THE TRIAL COURT THEREFORE ERRED IN CONCLUDING THAT IT DID NOT HAVE TO FOLLOW UNITED STATES SUPREME COURT PRECEDENT.

Appellant's Brief at 7.

> To be valid, a [*nolo contendere*] plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, *inter alia*, that a defendant understands: (1) the nature of the charges to which he is pleading [*nolo contendere*]; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a [*nolo contendere*] plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Commonwealth v. Prendes*, 97 A.3d 337, 352 (Pa. Super. 2014) (citations and quotation marks omitted; footnote added).[3]

Appellant argues that, because her plea agreement involved a negotiated sentence, she was not sentence-testing,[4] and thus, she should not be required to satisfy the harsher post-sentence standard. Appellant's

---

[3] Although the Court in *Prendes* discussed withdrawal of a guilty plea, "in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." *Commonwealth v. Kepner*, 34 A.3d 162, 166 n.6 (Pa. Super. 2011) (quoting *Commonwealth v. Lewis*, 791 A.2d 1227, 1230 (Pa. Super 2002)).

[4] "[A] criminal defendant who is sentenced to more than was agreed upon in a negotiated plea may withdraw his guilty plea upon being deprived of the benefit of his bargain." *Commonwealth v. Tann*, 79 A.3d 1130, 1133 (Pa. Super. 2013).

Brief at 17. Because she cites no authority to support this proposition, we follow the well-established law quoted above and apply the manifest injustice standard in reviewing Appellant's post-sentence motion to withdraw her plea.

In her brief on appeal, Appellant makes no argument that the plea colloquy failed to address the issues required to be covered by Pa.R.Crim.P. 590. Her main complaint is that she would not have entered her plea had she known that she would lose her teaching certificate as a result.

Throughout her brief, Appellant acknowledges that this claim implicates a collateral consequence of her plea. *See*, *e.g.*, Appellant's Brief at 14 ("[Plea counsel] never investigated or advised Appellant on the collateral consequences of the *nolo* plea."); *id.* at 24 ("[Plea counsel] had admittedly failed to investigate the collateral consequences of a *nolo* plea on Appellant's teaching certificate.").

"[A] defendant's lack of knowledge of [the] collateral consequences to his or her pleading guilty or *nolo contendere* fails to undermine the validity of the plea." *Commonwealth v. Leidig*, 956 A.2d 399, 406 (Pa. 2008). Therefore, Appellant's lack of understanding of the effect her plea had or may have upon her teaching certificate does not invalidate her plea. Accordingly, the trial court did not err in refusing to allow Appellant to withdraw her plea on this basis.

Appellant discusses at length in her brief the alleged ineffectiveness of plea counsel under the holdings of cases, such as **Padilla** and **Commonwealth v. Abraham**, 62 A.3d 343 (Pa. 2012), which address claims filed pursuant to a Post Conviction Relief Act (PCRA). Appellant's Brief at 17-22. Appellant similarly claims that counsel misled her into believing that a plea of *nolo contendere* did not carry the same consequences as a guilty plea. **Id.** at 22-23.

The instant case is before us on direct appeal. Our Supreme Court has made clear the general rule[5] that "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Commonwealth v. Holmes**, 621 Pa. 595, 620, 79 A.3d 562, 576 (Pa. 2013). Thus, the trial court should not have entertained ineffectiveness testimony or argument while adjudicating Appellant's post-sentence motion, and this Court will not in this appeal review Appellant's claim of ineffective assistance of counsel. Appellant is free to raise the claim in a PCRA petition after direct review is complete.

Appellant also complains in great detail in her brief about the weakness of the evidence offered by the Commonwealth at Appellant's

---

[5] Although there are exceptions to the general rule, Appellant does not argue that any exception is applicable. Specifically, there is no indication that Appellant has waived her PCRA rights and is seeking unitary review.

- 6 -

preliminary hearing. Appellant's Brief at 11-14. Even if she had not waived the issue by failing to include it in her statement of questions presented, **see** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."), she waived any challenge to the sufficiency of the Commonwealth's evidence by pleading *nolo contendere*. **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa. Super. 2008) ("When an appellant enters a guilty plea, she waives her right to challenge on appeal all non-jurisdictional defects except the legality of [her] sentence and the validity of [her] plea.") (citation and internal quotation marks omitted).

For the foregoing reasons, we conclude that the trial court did not err or abuse its discretion in denying Appellant's motion to withdraw her plea of *nolo contendere*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/10/2015