J-S22005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT GEYER | |
| Appellant | No. 384 WDA 2014 |

Appeal from the Judgment of Sentence February 3, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0003418-2008

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 22, 2015**

Appellant, Robert Geyer, appeals from the judgment of sentence entered following the revocation of his probation on February 3, 2014, in the Court of Common Pleas of Allegheny County.  We affirm.

We take the underlying facts and procedural history in this matter from the trial court's opinion.

> Geyer was originally charged with two counts of rape, one count of sexual assault, one count of statutory sexual assault, one count of indecent assault and one count of simple assault as a result of his raping a fourteen-year-old female.  On November 18, 2009, Geyer plead guilty to one count of sexual assault in exchange for the dismissal of all of the remaining counts. Geyer's plea was the result of a plea agreement, which envisioned that he would be sentenced to time served, and a period of probation of five years.  Geyer was to follow a service

_____

[*] Retired Senior Judge assigned to the Superior Court.

plan that was prepared for him which envisioned that he would undergo random drug screening and that he would seek psychiatric treatment at Western Pennsylvania Psychiatric Hospital.

Geyer was cited as a probation violator for his continued use and abuse of drugs. It was noted in the violation report that Geyer tested positive for drug use on twelve different occasions and his drug use included marijuana, cocaine and benzodiazepine. In addition to his drug abuse, the violation report noted that he had threatened the staff at Western Pennsylvania Psychiatric Hospital, the Day Reporting Center and the psychiatric community treatment team. Threats made by Geyer to these individuals were such that representatives from the psychiatric community treatment team refused to go to Geyer's home since they feared for their safety. In addition to this violation, it was noted that Geyer had been charged with failure to comply with the [sex offender] registration [requirements]…. Two violation hearings were held and following the first hearing, a presentence report was ordered to aid this [c]ourt in formulating a sentence for Geyer's violations. On February 3, 2014, following the second hearing and a review of the presentence report, Geyer was sentenced to a period of incarceration of not less than three nor more than six years, to be followed by a period of probation of two years, during which he would undergo random drug screening and he was to have no contact with the victim.

Trial Court Opinion, 1/8/15 at 2-3. Geyer filed a post-sentence motion, which the lower court denied following a hearing. This timely appeal followed.

On appeal, Geyer raises the following issue for our review:

[Did the] trial court abuse its sentencing discretion by imposing an excessive sentence without adequately addressing all required sentencing factors, such as Appellant's rehabilitative needs?

Appellant's Brief at 8 (unnecessary capitalization omitted).

Our standard when reviewing a sentence imposed following the revocation of probation is as follows.

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Also, upon sentencing following revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

**Commonwealth v. Tann**, 79 A.3d 1130, 1132 (Pa. Super. 2014) (citation omitted), **appeal denied**, 94 A.3d 1009 (Pa. 2014).

Geyer challenges the discretionary aspects of his sentence. In **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), an *en banc* panel of this Court concluded that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." **Id**., at 1034. Therefore, Geyer's claim is properly before us.

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial

question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Geyer filed a timely appeal and challenged his sentence in a post-sentence motion. Geyer's appellate brief also contains the requisite Rule 2119(f) concise statement, in which he contends that "trial court did not sufficiently consider his drug problems and his rehabilitative needs in order to adequately deal with his drug dependence or his mental problems." Appellant's Brief at 14-15. We must now determine whether Geyer's challenge to the discretionary aspects of his sentence raises a substantial question.

"A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014) (citation omitted). "[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014) (citation omitted).

While Geyer frames his argument by claiming that the trial court failed to consider certain statutory sentencing factors, in substance Geyer merely argues that the trial court failed to sufficiently address factors of record, i.e., his drug and mental health problems. We note in this regard that the trial court had prepared and reviewed a pre-sentence report. **See** N.T., Sentencing, 2/3/14 at 8. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

**Commonwealth v. Hallock**, 603 A.2d 612, 616 (Pa. Super. 1992) (citing **Commonwealth v. Devers**, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988)). As the trial court in this case had the benefit of a pre-sentence report, we must presume that he considered all relevant sentencing factors, including Geyer's rehabilitative needs.

Accordingly, we are constrained to find that Geyer's claim that the trial court did not adequately consider relevant factors of record fails to raise a substantial question. *See Buterbaugh*, 91 A.3d at 1266.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2015