J-S56019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD SCOTT CUMMINGS | |
| Appellant | No. 165 MDA 2016 |

Appeal from the Judgment of Sentence December 23, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001815-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.:                    **FILED AUGUST 04, 2016**

Appellant, Edward Scott Cummings, appeals from the judgment of sentence entered following the revocation of his probation on December 23, 2015, in the Court of Common Pleas of Lancaster County. We affirm.

The facts and procedural history of this matter are well known to the parties, so we rely upon the trial court's recitation of facts as set forth on pages 1-4 of the Pa.R.A.P. 1925(a) opinion filed February 23, 2016.  Briefly, on June 20, 2014, Appellant entered a guilty plea to multiple counts of driving under the influence and related charges. While serving probation, Appellant was cited for disorderly conduct. Appellant additionally failed to complete scheduled Alcohol Highway Safety Classes and drug and alcohol

_____

[*] Former Justice specially assigned to the Superior Court.

evaluation/treatment in violation of the terms and conditions of his probation. Following a violation of probation hearing on December 23, 2015, the trial court revoked Appellant's probation and resentenced him to six to twelve month's imprisonment.[1] This timely appeal followed.

Appellant raises the following issue for our review:

> Was a sentence of six to twelve months of incarceration for a first probation/parole violation manifestly excessive and contrary to the fundamental norms underlying the sentencing process?

Appellant's Brief at 4.

Our standard when reviewing a sentence imposed following the revocation of probation is as follows:

> Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Also, upon sentencing following revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

***Commonwealth v. Tann***, 79 A.3d 1130, 1132 (Pa. Super. 2014) (citation omitted), ***appeal denied***, 94 A.3d 1009 (Pa. 2014).

Appellant challenges the discretionary aspects of his sentence. In ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), an *en banc* panel of this Court concluded that "this Court's scope of review in

---

[1] Appellant filed a motion for reconsideration of sentence on January 4, 2016. The revocation court did not dispose of that motion prior to the filing of the instant appeal.

an appeal from a revocation sentencing includes discretionary sentencing challenges." *Id*., 83 A.3d at 1034. Therefore, Appellant's claim is properly before us.

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Appellant filed a timely appeal and challenged his sentence in a post-sentence motion. Appellant's brief also contains the requisite 2119(f) concise statement, in which he contends that the sentence imposed by the trial court was manifestly excessive for a first violation of probation. Appellant's Brief at 8-9. This claim raises a substantial question for our review. *See Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011)

(claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question for our review).

While Appellant argues that the sentence imposed by the lower court following revocation was excessive, he notably does not argue that the sentence imposed by the court was beyond the maximum sentence permissible for his underlying convictions. Nor does the record support such an assertion. It is well settled that the sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations. ***Commonwealth v. Ware,*** 737 A.2d 251, 255 (Pa. Super. 1999), ***appeal denied***, 561 Pa. 657, 747 A.2d 900 (1999).[2] Here, the lower court did not exceed the statutory maximum when it resentenced Appellant to six to twelve month's imprisonment following the revocation of his probation. We further note that the trial court's sentence of confinement was appropriate given Appellant's conviction of a new crime, specifically, disorderly conduct. ***See*** 42 Pa.C.S.A. § 9771(c) (imposition of a sentence of total confinement after revocation of probation shall not be imposed unless, *inter alia*, defendant has been convicted of another crime). Accordingly, we discern no abuse of discretion in the sentence imposed by the trial court.

Judgment of sentence affirmed.

---

[2] 204 PA.CODE § 303.1(b) provides: "The sentencing guidelines do not apply to sentences imposed as a result of the following: . . . revocation of probation, intermediate punishment or parole."

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/4/2016