J-S33046-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY SHAW, JR. | : | |
| | : | |
| Appellant | : | No. 261 WDA 2023 |

Appeal from the PCRA Order Entered February 1, 2023
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0000300-2020

BEFORE: BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED: February 8, 2024**

Larry Shaw, Jr. (Appellant),[1] appeals from the post-conviction court's February 1, 2023 order dismissing his petition for relief filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

This Court summarized the pertinent facts and procedural history underlying this appeal, which was originally consolidated with Appellant's related appeals in three other cases, as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[1] In the notices of appeal and record, various forms of Appellant's name were used, *i.e.*, "Larry Shaw Jr.," "Larry Shaw," and "Larry Franklin Jr. Shaw." We previously amended the caption for consistency, **see Commonwealth v. Shaw**, 260-263 WDA 2023, unpublished memorandum at *2 n.1 (Pa. Super. filed Oct. 24, 2023), and will use one version of Appellant's name.

Appellant seeks relief from an aggregate sentence of 5 to 11 years' incarceration, imposed on July 8, 2020, after he entered a … guilty plea in four separate criminal matters.

\*\*\*

A recitation of the underlying facts is not necessary to our disposition. Briefly, at a July 8, 2020[] proceeding, Appellant pled guilty to the following offenses: (1) at [CP-26-CR-0000591-2020 (hereinafter "Trial Docket 591-2020")], [to] simple assault and harassment; (2) at [CP-26-CR-0000300-2020 (hereinafter "Trial Docket 300-2020")], [to] aggravated assault, persons not to possess firearms, terroristic threats, simple assault, and recklessly endangering another person; (3) at [CP-26-CR-0000288-2020 (hereinafter "Trial Docket 288-2020")], [to] persons not to possess firearms, firearms not to be carried without a license, possession with intent to deliver controlled substances, possession of controlled substances, and possession of drug paraphernalia; and (4) at [CP-26-CR-0000575-2019 (hereinafter "Trial Docket 575-2019")], [to] theft by deception.

At the hearing, the trial court accepted the … plea agreement and then proceeded to sentence Appellant on each of the dockets. The court imposed a sentence of 5 to 10 years' imprisonment for persons not to possess firearms at Trial Docket 300-2020, and a concurrent term of 4 to 10 years' imprisonment for the same crime at Trial Docket 288-2020. *See* N.T., 7/8/20, at 11, 13. At Trial Docket 591-2020, the court imposed a term of 6 to 12 months' imprisonment for simple assault, to run consecutive to the sentence at Trial Docket 288-2020, and at Trial Docket 575-2019, the court imposed a concurrent sentence of 2½ to 5 years' imprisonment. *See id.* at 12. As will be discussed below, these sentences were to run concurrent to an unrelated matter at trial docket CP-26-CR-0000287-2020 (Trial Docket 287-2020).

Appellant did not file a post-sentence motion to withdraw his plea or a direct appeal. Instead, on March 11, 2021, at Trial Docket 300-2020, Appellant filed a *pro se* document titled "Motion to Modify and Reduce Sentence *Nunc Pro Tunc*." No action was taken. Thereafter, on May 24th, he filed a timely[,] *pro se* PCRA petition. Attorney [James V.] Natale[, Esq.,] was appointed to represent Appellant and filed an amended PCRA petition on October 20, 2021, arguing [that] trial counsel was ineffective for failing to object when the court sentenced Appellant at Trial

Docket 300-2020, and for failing to file a direct appeal. ***See*** Appellant's Amended Post Conviction Relief Act Petition, 10/20/21, at 1-2 (unpaginated). Appellant did not request permission to file a post-sentence motion *nunc pro tunc*. One week later, on October 27, 2021, the PCRA court entered an order granting Appellant's request to file a direct appeal *nunc pro tunc*. On June 22, 2022, a panel of this Court affirmed Appellant's judgment of sentence *nunc pro tunc*, and the Pennsylvania Supreme Court subsequently denied his petition for allowance of appeal. ***See Commonwealth v. Shaw***, 1321 WDA 2021 (unpub. memo.) (Pa. Super. June 22, 2022), *appeal denied*, 200 WAL 2022 (Pa. Oct. 25, 2022).

Relevant to this appeal, the panel *sua sponte* pointed out a discrepancy in the record:

> The written guilty plea form indicates that Appellant was pleading guilty to various counts in the aforementioned cases, and would receive an aggregate sentence of **4 1/2 to 11 years'** incarceration, consecutive to another sentence he had recently received. ***See*** Guilty Plea, 7/8/20. The Commonwealth reiterated this agreement at the commencement of the plea hearing. ***See*** N.T., 7/8/20, at 2 (Commonwealth stating the plea "calls for a term of four and a half to eleven years consecutive to the sentence he just received on all four cases"). The court and its staff refer to the prior offense as "287 of 2020, which was [a] trial." ***See id.*** at 11, 13. Upon our independent review of Appellant's Fayette County Court Summary, we confirmed that on July 6, 2020, Appellant was sentenced to a term of 6 to 12 years for persons not to possess firearms at [Docket 287-2020].

> As noted above, the court imposed a sentence of **five to ten years'** imprisonment for the firearms offense in the present case. Initially, the court stated the sentence would run concurrently to the sentences for the other three pleas entered that day, as well as to [Docket 287-2020]. N.T., 7/8/20, at 13. Inexplicably, the court also stated: "I[f] our calculations are correct that **should total four and a half to eleven years**[,] which was the plea bargain consecutive to 300 of 2020." ***Id.*** (emphasis added). However, the court then corrected itself and indicated the sentence *sub judice* would run "consecutive to 287 of 2020." ***Id.*** To further complicate matters, the sentencing order in the certified

record states "this sentence shall run concurrent with the sentencing imposed at Nos. **287 of 2020**; 288 of 2020; 591 of 2020 and 575 of 2020." Order, 7/8/20 (emphasis added). Thus, despite the agreement that Appellant would serve an aggregate term of 4 1/2 to 11 years' imprisonment, it appears he was sentenced to an aggregate term of **5 to 11 years'** imprisonment. Nevertheless, Appellant has not raised any challenge to his sentence on appeal.

*Shaw*, 1321 WDA 2021 (unpub. memo. at 5 n.7) (emphasis in original).

On October 27, 2022, Appellant filed a *pro se* PCRA petition at Trial Dockets 591-2020, 288-2020, and 575-2019, raising ineffective assistance of counsel and legality of sentence claims based on the discrepancy pointed out by the prior panel. Attorney Natale was ultimately appointed to these dockets (in addition to Trial Docket 300-2020), and he filed an amended PCRA petition for each docket on December 19, 2022. That same day, Attorney Natale filed a PCRA petition at Trial Docket 300-2020 that was a duplicate of the other three petitions. In the petitions, he noted the discrepancy raised by this Court and stated:

15. The Superior Court stated that although the plea bargain was for a sentence of [4.5] months to [11] years' consecutive to the sentence at Case No. 287 of 2020, the [trial c]ourt's sentence at Case No. 300 of 2020 violated the terms of this plea bargain and results in an aggregate sentence of five . . . to [11] years['] incarceration.

16. If the Superior Court is correct, then [Appellant's] sentence as currently structured violates the plea bargain, and therefore constitutes an illegal sentence.

Appellant's Amended Post-Conviction Relief Act Petition, 12/19/22, at 3 (unpaginated).

The PCRA court scheduled a hearing which took place on January 13, 2023. The court then issued an order and opinion on February 1, 2023, which addressed all four dockets and denied Appellant's PCRA petitions. Appellant filed four timely, separate notices of appeal and on May 24, 2023, this Court consolidated the appeals. *See* Order, 5/24/23.

*Shaw*, 260-263 WDA 2023, unpublished memorandum at *2-8 (some footnotes omitted).

Appellant's four appeals were assigned docket numbers 260 WDA 2023 (Trial Docket 591-2020), 261 WDA 2023 (Trial Docket 300-2020), 262 WDA 2023 (Trial Docket 288-2020), and 263 WDA 2023 (Trial Docket 575-2019). Ultimately, Attorney Natale filed a petition to withdraw and *Turner/Finley* 'no-merit' letter in each case, concluding that Appellant's issues were meritless.[2]

On October 24, 2023, this Court filed a memorandum decision affirming the orders denying Appellant's PCRA petitions, and granting Attorney Natale's petitions to withdraw, at docket numbers 260 WDA 2023, 262 WDA 2023, and 263 WDA 2023. *See Shaw*, 260-263 WDA 2023, unpublished memorandum at *12-13. Specifically, we concluded that Appellant's petitions at those docket numbers were untimely, and that he had failed to plead and prove any timeliness exception. *See id.*; *see also* 42 Pa.C.S. § 9545(b)(1)(1)(i)-(iii) (requiring that a petition be filed within one year of the date the judgment of sentence becomes final, or that the petitioner plead and prove the applicability of an exception to that one-year timeliness requirement).

However, regarding docket number 261 WDA 2023 (Trial Docket 300-2020), this Court concluded that Appellant's PCRA petition was timely, as he

_____

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

had been granted the right to file a direct appeal *nunc pro tunc*, and his judgment of sentence had not become final until January 23, 2023. **See Shaw**, 260-263 WDA 2023, unpublished memorandum at *13. Accordingly, we examined the merits of Appellant's PCRA claims, first assessing his argument "that [his] sentence is illegal because the trial court imposed a sentence that violated his plea agreement." **Id.** at *14. We concluded that "Attorney Natale was correct that [t]his claim has no merit. There is no indication that the length of [Appellant's] sentence at Trial Docket 300-2020 was illegal." **Id.** at *16. Accordingly, we found Appellant's first, legality of sentencing claim was meritless.

We then addressed Appellant's second PCRA claim, in which he argued that his "plea was not knowing, voluntary, and intelligent" because "he was not aware that the plea would increase the length of his aggregate sentence." **Id.** We rejected Attorney Natale's conclusion that this claim was meritless, noting two errors in Appellant's sentencing/plea agreement. First, "at the sentencing proceeding, [the trial court] mistakenly stated the sentences were to be imposed consecutively to Trial Court docket 287-2020[,] rather than concurrently as reflected in the written sentencing orders." **Id.** at *18-19 (footnote omitted). Second, there was a clear "incongruity regarding the terms of the 'bargained for' sentence[,]" as the "written plea agreement … called for a minimum aggregate sentence of **4 1/2 years** but Appellant received a minimum of **5** years due to the inclusion of Trial Court docket 300-

2020 in the plea agreement, which increased the minimum of his aggregate sentence to **5** years." *Id.* at *19 (emphasis in original).

Based primarily on the second error, we concluded that "it appears the terms of the agreement were altered and Appellant did not receive the benefit of the bargain." *Id.* Finding that "the question of whether there was a violation of the terms of Appellant's plea bargain agreement" warranted "a more exhaustive examination and perhaps further advocacy[,]" we denied Attorney Natale's petition to withdraw at docket 261 WDA 2023 and directed him "to file with this Court an advocate's brief analyzing the issue that we have identified during our independent review or a proper *Turner/Finley* brief addressing thoroughly why the claim identified herein has no merit." *Id.* at *20.

On December 1, 2023, Attorney Natale filed an advocate's brief on Appellant's behalf. Therein, he contends that

> the trial court[,] by running the five (5) to ten (10) year sentence of incarceration concurrent to Appellant's six (6) years to twelve (12) years of incarceration in case No 287 of 2020, seems to have sought to have the sentence in this case expire before the sentence in Case No. 287 of 2020. However, the court[,] by arranging Appellant's sentence in this [manner,] did not follow the plea bargain in the strictest sense, since Appellant had agreed to a four and a half (4 1/2) to eleven [(11)] year sentence of incarceration that was supposed to be run consecutive to his sentence in Case No. 287 of 2020. The trial court's failure to sentence … Appellant specifically to the terms of the plea bargain constitutes a manifest injustice allowing Appellant to withdraw his plea agreement.

Appellant's Brief at 12.

Again, this Court has determined that Appellant's argument does not constitute a non-waivable challenge to the legality of his sentence. **_See Shaw_**, 260-263 WDA 2023, unpublished memorandum at *16. Accordingly, we must assess whether Appellant has waived his claim that the court failed to sentence him in accordance with his plea and, therefore, he should be permitted to withdraw it.

In order to be eligible for PCRA relief, a petitioner bears the burden of proving "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). Under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S. § 9544(b).

Here, Appellant never challenged the validity of his plea and/or sentence in a timely, post-sentence motion.[3] Additionally, Appellant did not request permission from the PCRA court to file a post-sentence motion *nunc pro tunc* in his October 20, 2021 PCRA petition requesting the reinstatement of his

---

[3] We recognize that Appellant filed an untimely, *pro se* post-sentence motion on March 1, 2021, stating that he "did not plead guilty in this case" and that his trial counsel acted ineffectively by not filing a timely post-sentence motion or direct appeal to raise challenges to "the discretionary aspects of the sentence imposed…." *Pro se* Motion to Modify and Reduce Sentence *Nunc Pro Tunc*, 3/11/21, at 2 (unnumbered). The trial court erred by not treating this filing as a PCRA petition and appointing counsel. **_See Commonwealth v. Fantauzzi_**, 275 A.3d 986, 995 (Pa. Super. 2022) (stating that, "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA"). However, we cannot correct that error in the present appeal, which is from the denial of Appellant's subsequent PCRA petition.

direct appeal rights. *See* Amended Post Conviction Relief Act Petition, 10/20/21, at 3 (unnumbered). Accordingly, the PCRA court did not reinstate Appellant's post-sentence motion rights, and no post-sentence motion was filed *nunc pro tunc*. In our disposition of Appellant's *nunc pro tunc* direct appeal, we concluded that his failure to file a post-sentence motion seeking to withdraw his plea waived his argument that his plea was not knowing, voluntary, and intelligent on grounds other than that which he raises herein. *See Shaw*, No. 1321 WDA 2021, unpublished memorandum at *8, 9.

The same is true instantly. It is well-settled that "the trial court is not required to sentence a defendant in accordance with the plea agreement." *Commonwealth v. Tann*, 79 A.3d 1130, 1133 (Pa. Super. 2013). "Such a sentence is legal, so long as it does not exceed the statutory maximum. However, a criminal defendant who is sentenced to more than was agreed upon in a negotiated plea may withdraw his guilty plea upon being deprived of the benefit of his bargain." *Id.* (citation omitted). Here, the trial court sentenced Appellant outside the terms of the plea agreement, and it did not deprive him of the opportunity to withdraw his plea. Instead, Appellant **never sought** to withdraw his plea by filing a timely, post-sentence motion arguing that his sentence violated the terms thereof. Accordingly, as Appellant could

have raised this claim in proceedings prior to the instant PCRA, we are compelled to deem his claim waived under section 9544(b).[4]

Order affirmed.

Judge McCaffery did not participate in the consideration or decision of this case.

---

[4] We are aware that "a collateral petition to **enforce a plea agreement** is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance." **Commonwealth v. Kerns**, 220 A.3d 607, 611-12 (Pa. Super. 2019) (citations omitted; emphasis added). However, in **Kerns**, the appellant was "not attempting to withdraw his open guilty plea or attack its validity or the sentence of incarceration" but, instead, he was "trying to enforce the plea agreement as written, because it ha[d] no term in it about sex offender registration and [sexually violent predator] designation." **Id.** at 611. In contrast, here, Appellant seeks "to **withdraw his plea agreement**[,]" not to simply enforce it. Appellant's Brief at 12 (emphasis added). This might be due to the fact that enforcing the plea agreement would result in a total, aggregate sentence of 10½ to 22 years' incarceration (*i.e.*, 4½ to 11 years' imprisonment for the plea in this case, running **consecutively** to the 6 to 12 year sentence at Trial Docket 287-2020), whereas the aggregate sentence the court actually imposed totals just 6 to 12 years' incarceration (*i.e.*, 5 to 11 years' incarceration for the plea in this case, running **concurrently** with the 6 to 12 year sentence at Trial Docket 287-2020). As Appellant failed to file a timely, post-sentence motion to withdraw his plea after he became aware, at the sentencing hearing, that the court imposed an aggregate term of incarceration that did not align with the plea agreement, he has waived his request to withdraw his plea at this juncture.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 2/8/2024