J-S10040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT F. RUNYON, JR. | : | |
| | : | |
| Appellant | : | No. 1079 WDA 2023 |

Appeal from the Judgment of Sentence Entered August 14, 2023
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000230-2023

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED: June 5, 2024**

Robert F. Runyon, Jr. ("Runyon"), appeals from the judgment of sentence imposed following his convictions for one count each of criminal trespass-enter structure and conspiracy to commit criminal trespass-enter structure.[1] We affirm.

In January 2023, police responded to a reported burglary of a home that was in the process of being sold, and found that the residence had been ransacked and numerous items had been stolen, including firearms, televisions, alcohol, dinnerware, and trading cards. In a seemingly unrelated domestic abuse report, police interviewed a female neighbor, who told them that her husband, Stephen Ladd ("Ladd"), and two others committed the burglary. Ladd later admitted that he burglarized the home on multiple occasions, and was assisted on at least two occasions by Runyon and Erica

---

[1] **See** 18 Pa.C.S.A. §§ 3503(a)(1)(i), 903(a)(1).

Curran. Police subsequently obtained and executed a search warrant for Runyon's home, where they found the stolen items. Runyon admitted to entering and stealing from the home numerous times.

Runyon was charged with criminal trespass-enter structure, conspiracy to commit criminal trespass-enter structure, theft by unlawful taking-movable property, and conspiracy to commit theft by unlawful taking-movable property. On June 6, 2023, Runyon, while represented by counsel, signed a negotiated guilty plea agreement ("Plea Agreement"). Therein, Runyon agreed to plead guilty to one count of criminal trespass-enter structure and one count of conspiracy to commit criminal trespass-enter structure. In return, the parties agreed that Runyon would "receive a MINIMUM PERIOD of [six] months['] INCARCERATION. Maximum to the Court. Fines, Costs, Restitution, all other terms to the Court." Plea Agreement, 6/6/23, at 2. The Commonwealth agreed to "remain silent" as to whether these sentences should run consecutively or concurrently. *Id*.

On June 8, 2023, the trial court conducted an oral plea colloquy during which the parties detailed the terms of the Plea Agreement. The judge ensured that Runyon understood these terms and that he was making his plea knowingly, intelligently, and voluntarily. *See* N.T., 6/8/23, at 4-6. Runyon further affirmed he understood "that the sentencing judge [was] not bound by the terms of the plea agreement unless the sentencing judge accept[ed] the plea agreement[.]" *Id*. at 6-7. The trial court neither explicitly accepted

- 2 -

nor rejected the terms of the Plea Agreement. However, the trial court set the matter for a sentencing hearing.

On August 14, 2023, the trial court conducted a sentencing hearing. During the hearing, the Commonwealth reiterated the terms of the Plea Agreement, stating that, in exchange for his guilty pleas to the two charges, Runyon would receive a minimum sentence of six months' incarceration and the Commonwealth would remain silent as to the sentences' consecutive or concurrent nature. *See* N.T., 8/14/23, at 3. Again, the trial court neither explicitly accepted nor rejected the terms of the Plea Agreement.[2] Nevertheless, the court imposed a sentence of six months to three years' incarceration for the count of criminal trespass-enter structure, and a concurrent term of one to three years' incarceration for the count of conspiracy to commit criminal trespass-enter structure. Runyon did not challenge the sentence or seek to withdraw his guilty plea at the sentencing hearing.

---

[2] Despite the trial court's silence at the oral plea colloquy and sentencing hearing, the court communicated in its Rule 1925(a) opinion its belief that it had sentenced Runyon in accordance with the Plea Agreement, thereby indicating its implicit acceptance of the agreement. *See* Trial Court Opinion, 11/7/23, at 4-5 (explaining its determination that the six-month minimum sentence imposed "complied with the minimum term set out in the . . . Plea Agreement"). Notably, the trial court's opinion addressed only the sentence imposed for criminal trespass-enter structure and did not address the one to three-year sentence imposed for conspiracy to commit criminal trespass-enter structure.

On September 13, 2023, Runyon filed an untimely[3] *pro se* motion to reconsider his sentence. Later that same day, his counsel filed a timely notice of appeal. Both Runyon and the trial court complied with Pa.R.A.P. 1925.

Runyon raises the following issues for our review:

> 1. Did the trial court err in sentencing . . . Runyon . . . to a minimum term of incarceration which exceeded the minimum term of incarceration set forth in [Runyon's] . . . Plea Agreement, and as such [Runyon] did not knowingly or voluntarily consent to such sentence?

> 2. Did the trial court err in failing to permit . . . Runyon . . . to withdraw his . . . Plea Agreement prior to the court imposing a sentence that exceeded the terms of [Runyon's] . . . Plea Agreement?

Runyon's Brief at 6.

As Runyon's issues are interrelated, we will address them together. Runyon contends that the trial court erred by sentencing him to an aggregate term of one to three years' imprisonment in violation of the Plea Agreement. He asserts that because the trial court accepted the guilty plea at the oral colloquy, the sentencing court was bound to either abide by the terms of the Plea Agreement, or to reject it and provide him an opportunity to withdraw his guilty plea and proceed to trial. As the trial court did not abide by the terms of the Plea Agreement, Runyon argues that the court further erred by not permitting him an opportunity to withdraw his guilty plea. Thus, Runyon

---

[3] ***See*** Pa.R.Crim.P. 720(A)(1) (stating generally that a written post-sentence motion shall be filed no later than ten days after imposition of sentence).

- 4 -

maintains he is entitled either to the enforcement of the terms of his plea bargain, or in the alternative, the withdrawal of his guilty plea.

Generally, upon the entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and the legality of the sentence imposed. **See Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014) (holding that the proper entry of a guilty plea acts to extinguish virtually all legal challenges that could have been brought upon the trial or appeal of the case).[4]  This Court has also recognized that, following the entry of a negotiated guilty plea, a criminal defendant may raise a claim challenging the plea process as a whole where the trial court fails to preserve the integrity of the plea bargain process after it has accepted the negotiated plea agreement. **See Commonwealth v. Parsons**, 969 A.2d 1259, 1270 (Pa. Super. 2009) (holding that a challenge to the trial court's authority to tinker with a negotiated plea bargain once the court has accepted the plea presents a challenge to "the plea process as a whole," not the discretionary aspects of sentencing *per se*).

Pennsylvania law allows a broad continuum in plea bargains, including plea agreements that specify not only the charges to be brought, but also the specific penalties to be imposed:

> In an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict the

---

[4] Notably, Runyon does not contend that the trial court lacked jurisdiction over the instant criminal proceedings, that his plea was not made voluntarily, knowingly or intelligently, or that his sentence is illegal.

prosecution's right to seek the maximum sentences applicable to those charges. At the other end of the negotiated plea agreement continuum, a plea agreement may specify not only the charges to be brought, but also the specific penalties to be imposed. In between these extremes there are various options, including an agreement to make no recommendation or . . . an agreement to make a favorable but non-binding recommendation.

*Parsons*, 969 A.2d at 1267 (*quoting* **Commonwealth v. McClendon**, 589 A.2d 706, 710 (Pa. Super. 1991) (*en banc*))*.*

Plea agreements are governed by Pa.R.Crim.P. 590, which provides, in relevant part:

**Pleas and Plea Agreements**

**(A) Generally**

(1) Pleas shall be taken in open court.

(2) A defendant may plead not guilty, guilty, or, with the consent of the judge, *nolo contendere*. If the defendant refuses to plead, the judge shall enter a plea of not guilty on the defendant's behalf.

(3) The judge may refuse to accept a plea of guilty or *nolo contendere*, and shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record.

**(B) Plea Agreements**

(1) When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record *in camera* and the record sealed.

(2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands

and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

Pa.R.Crim.P. 590(A)-(B).

This Court has previously summarized the law applicable to plea agreements as follows:

> Where the plea bargain calls for a specific sentence that is beyond the prosecutor's narrowly limited authority in sentencing matters, the plea bargain implicates the court's substantive sentencing power, as well as its guardianship role, and must have court approval. Thus, the trial court has broad discretion in approving or rejecting plea agreements. The court may reject the plea bargain if the court thinks it does not serve the interests of justice. **If the court is dissatisfied with any of the terms of the plea bargain, it should not accept the plea**; **instead, it should give the parties the option of proceeding to trial before a jury**. Assuming the plea agreement is legally possible to fulfill, **when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement**.

**Parsons**, 969 A.2d at 1268 (citations and footnote omitted, emphasis added).

With these legal precepts in mind, we observe that even when a negotiated plea agreement provides for a specific negotiated sentence, the trial court's acceptance of the plea agreement does not legally preclude the trial court from imposing a harsher sentence than agreed to by the parties. **See Commonwealth v. Tann**, 79 A.3d 1130, 1133 (Pa. Super. 2013) (holding that "[f]ollowing the acceptance of a negotiated plea, the trial court is not required to sentence a defendant in accordance with the plea agreement. Such a sentence is legal, so long as it does not exceed the

statutory maximum"). However, when it does so, the trial court must give the defendant the option to withdraw his plea and proceed to trial. *Id*.

Here, the Plea Agreement provided that, in exchange for his guilty pleas, Runyon would receive a minimum sentence of six months. However, despite the trial court's failure to preserve the integrity of the plea bargain process after it accepted the Plea Agreement, Runyon's aggregate sentence is not illegal because neither of his sentences exceed the statutory maximum. **See Tann**, 79 A.3d at 1133. Stated differently, even though Runyon's negotiated plea called for a six-month minimum sentence, the court's acceptance of that plea did not legally preclude it from imposing a harsher sentence for conspiracy to commit criminal trespass-enter structure. **See id**.

Given that Runyon did not receive an illegal sentence, he was required to file a timely post-sentence motion to withdraw his plea or modify his sentence in order to challenge the imposition of that sentence as violative of the Plea Agreement or seek to withdraw his plea because of the trial court's sentencing decision. **See Commonwealth v. Berry**, 296 A.3d 634 (Pa. Super. 2023) (unpublished memorandum) (holding that, by failing to timely file and pursue a post-sentence motion, the appellant forfeited the opportunity to withdraw his plea or seek sentencing reconsideration on the basis that the court's imposition of a consecutive sentence violated the terms of his negotiated plea agreement); *appeal denied*, 304 A.3d 329 (Pa. 2023); **see also Commonwealth v. Nicholson**, 270 A.3d 1166 n.6 (Pa. Super. 2021)

(unpublished memorandum) (observing that, because appellant did not object on the record to the trial court's deviation from the plea agreement or file a motion to enforce the original plea agreement, the issue was waived on direct appeal).[5]

After reviewing the record, we conclude that Runyon failed to preserve his issues for our review. Runyon did not challenge the sentence imposed, the trial court's alleged violation of the Plea Agreement, or the trial court's failure to permit him to withdraw his guilty plea at the sentencing hearing, nor did he file a timely post-sentence motion raising these claims. Instead, Runyon filed an untimely *pro se* post-sentence motion while he was represented by his counsel. As this constituted hybrid representation, Runyon's *pro se* motion was a legal nullity that could not have preserved any issue for appeal, even if it had been timely filed. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (holding that where a criminal defendant files a motion *pro se* while represented by counsel, the *pro se* motion is deemed to be a legal nullity with no legal effect). We thus conclude that Runyon's issues are waived. **See** Pa.R.A.P. 302(a) (providing that issues not raised in the trial court are waived and cannot be raised for the first time on appeal).

_____

[5] **See** Pa.R.A.P. 126(b) (stating that unpublished non-precedential decisions of the Superior Court, filed after May 1, 2019, may be cited for their persuasive value).

As both of Runyon's issues are waived on appeal, we are constrained to affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/5/2024