J-A07003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
MICHAEL GRANTHAM   :
  :
Appellant   :   No. 1859 EDA 2021

Appeal from the Judgment of Sentence Entered August 13, 2021
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0006974-2016

BEFORE: DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:          **FILED MAY 17, 2022**

Appellant, Michael Grantham, appeals from the August 13, 2021 Judgment of Sentence imposed after he violated the terms of his probation sentence ("VOP"). Appellant challenges the legality and discretionary aspects of his sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On January 26, 2017, Appellant entered a guilty plea to one count each of Access Device Fraud, Theft by Unlawful Taking, and Identity Theft—all third-degree felonies. The court sentenced Appellant that same day to serve a term of 11½ to 23 months' incarceration in county jail and a concurrent term of five years' probation. On August 14, 2017, the trial court granted Appellant's application for parole and, on August 22, 2017, released Appellant from jail.

On July 9, 2018, police arrested Appellant on new charges of Theft by Deception, Access Device Fraud, and Receiving Stolen Property. Because of

this arrest, on August 27, 2018, the trial court issued a bench warrant for Appellant for a parole and probation violation.

On June 12, 2019, the trial court found Appellant in violation of his parole and probation and revoked them. The court resentenced Appellant to serve his back time of 11 months' and 15 days' incarceration, subject to immediate parole to a New Jersey detainer. The court also imposed a term of two years' probation, to be served consecutive to his parole.[1]

Subsequently, Appellant was arrested in New York and pleaded guilty to Grand Larceny, but failed to appear for sentencing. Later, on October 19, 2019, police in Washington, D.C. arrested Appellant and charged him with federal Theft and Attempted Credit Card Fraud offenses. Ultimately, Appellant pleaded guilty to those charges and the judge ordered Appellant to turn himself in on his out-of-state warrants.

Appellant failed to turn himself in as ordered. His Bucks County parole officer made repeated, unsuccessful attempts to contact him.

On October 30, 2020, the trial court issued an absconder's warrant with an attached affidavit from the Bucks County Department of Adult Probation and Parole. The affidavit noted that, in August 2020, the out-of-state judge "ordered [Appellant] to turn himself in on his Pennsylvania warrants and [he]

---

[1] Appellant's parole period expired on May 27, 2020, and his probation period commenced.

- 2 -

has failed to do so."[2]  The affidavit further stated that Appellant's probation officer had been unable to contact Appellant when Appellant was not in custody and that his whereabouts remained unknown as of October 28, 2020.[3]

On August 13, 2021, the trial court held a probation violation hearing. Bucks County Adult Probation Officer Katie Fanto testified at the hearing, establishing, *inter alia*, the facts set forth above.  Officer Fanto also testified that Appellant remained out of custody until December 8, 2020, before being reincarcerated in Montgomery County and then in Lancaster County for parole and probation violations.

Appellant conceded at the hearing that he was out of custody when the court issued the October 29, 2020 absconder's warrant.  His counsel noted that the violations at issue at the hearing concerned both new offenses and his failure to report.

Following the hearing, the court found Appellant in violation of his probation.  That same day, the trial court terminated Appellant's probation and sentenced him to a term of 2½ to 7 years' incarceration.

On August 21, 2021, Appellant filed a Motion for Reconsideration of Sentence so that he could "present additional evidence of character witness testimony, employment opportunities, and documentation supporting his

---

[2] **See** Affidavit of Adult Probation Officer Katie L. Fanto appended to Order dated 10/29/20.

[3] As noted above, by this time, Appellant's parole period had expired and he had begun to serve his consecutive 2-year period of probation.

current health conditions." Motion, 8/21/21, at ¶ 8. He also asserted that his sentence was unduly harsh because the sentencing court neglected to consider Appellant's rehabilitative needs, the non-violence of his crimes, and the impact COVID-19 had had on his health and his outlook on life. *Id.* at ¶¶ 9, 12-13.

On August 30, 2021, the trial court denied Appellant's Motion. This timely appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

A. Did the trial court err by revoking a consecutive probation term that had not commenced, and thus giving an illegal sentence in light of [***Commonwealth v.*** ]***Simmons***[, 262 A.3d 512 (Pa. Super. 2021) (*en banc*)]?

B. Did the trial court abuse its discretion in resentencing Appellant to a manifestly excessive sentence without clear violations and failing to consider all relevant factors?

Appellant's Brief at 10.

**Issue I- Legality of Sentence**

In his first issue, Appellant asserts, relying on ***Simmons***, ***supra***, that the trial court imposed an illegal sentence when it found him in violation of a probation sentence Appellant had not yet begun serving. *Id.* at 14-15. In particular, Appellant claims that, at the time of the alleged violations, which he asserts took place in 2019, he was still serving a parole term of 11½

- 4 -

months that the court had imposed on June 12, 2019.[4] *Id.* at 14. Appellant concludes, therefore, that because his probation sentence had not yet commenced, the court illegally revoked it and resentenced him to a term of incarceration. *Id.*

This claim implicates the legality of Appellant's sentence; thus, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Williams*, 980 A.2d 667, 672 (Pa. Super. 2009).

This Court recently addressed the issue of anticipatory revocation of probation in *Simmons*. In *Simmons*, the trial court sentenced the defendant to a term of 6 to 23 months' incarceration followed by a 3-year term of probation. *Simmons*, 262 A.3d at 514. While Appellant was on parole, he pleaded guilty to new crimes. *Id.* at 514-15.

As a result of his new convictions, the trial court revoked the defendant's parole, anticipatorily revoked his probation, and resentenced him to a term of 2½ to 5 years' imprisonment. *Id.* at 515. The defendant challenged the legality of the anticipatory revocation of his probation sentence. *Id.* The *Simmons* Court held that, where the trial court imposes a sentence of probation to be served consecutively to a defendant's sentence of incarceration, the defendant may not prospectively violate the conditions of a probationary order by committing a new crime after sentencing, but before the commencement of his probationary sentence. *Id.* at 524-25, 527-28.

---

[4] Appellant acknowledges that his parole term expired, and his probation sentence commenced, on May 27, 2020. Appellant's Brief at 15.

Stated another way, the **Simmons** Court held that no statutory authority exists that permits a trial court to anticipatorily revoke an order of probation. **See id.** Accordingly, the **Simmons** Court vacated the defendant's judgment of sentence and remanded with instructions that the trial court reinstate the original order of probation. **Id.** at 527. The **Simmons** Court also concluded that the defendant's sentence of incarceration was illegal because the court imposed a new term of incarceration rather than ordering him to serve the balance of the valid sentence previously imposed. **Id.** at 528. The Court's remand order, thus, also directed the court to resentence the defendant on his parole violation. **Id.**

We find Appellant's reliance on **Simmons** misplaced. The record demonstrates that, while Appellant did incur new criminal charges before the commencement of his probation sentence, he also engaged in violative conduct after his probation commenced, when, after his release from custody in Washington, DC, Appellant failed to turn himself in on his out-of-state warrants as ordered by the court. In his Brief, Appellant concedes that his term of probation began on May 27, 2020, immediately following the expiration of his parole. **See** Appellant's Brief at 15 ("[T]he parole on that term would have expired on or about May 27, 2020, which is when the consecutive probation term would have commenced."). Appellant also conceded at his VOP hearing that he did not report to his probation officer between the time the court issued an absconder's warrant in October 2020, and his reincarceration on December 8, 2020. N.T., 8/13/21, at 8, 22. Thus,

the record belies Appellant's claim that his violative conduct occurred only during his parole period and, instead, confirms that Appellant likewise violated his probation by failing to report to his probation officer in October 2020 as ordered. Accordingly, **Simmons** is inapplicable and Appellant is not entitled to relief on this claim.

**Issue II- Discretionary Aspects of Sentence**

In his second issue, Appellant asserts that the trial court imposed an excessive sentence because the record demonstrates that Appellant's violative conduct consisted merely of failing to report to his probation officer "presumably while [Appellant] was incarcerated" and because the court "generally failed to consider all relevant factors," including Appellant's rehabilitative needs, his character, the impact of his incarceration on his family, and the effect of the COVID-19 pandemic on him. Appellant's Brief at 17, 19-20, 24-25. He also avers that his sentence is excessive because it exceeded the probation department's recommendation of 2- to 4-years' incarceration. **Id.** at 25.

Appellant's issue challenges the discretionary aspects of his sentence. **See Commonwealth v. Malovich**, 903 A.2d 1247, 1250-51 (Pa. Super. 2006) (stating that a claim that the VOP court failed to consider factors under Section 9771(c) before imposing sentence of total confinement following probation revocation implicates the discretionary aspects of sentencing); **Commonwealth v. Lutes**, 793 A.2d 949, 964 (Pa. Super. 2002) (explaining that a claim that a sentence is manifestly excessive challenges the

discretionary aspects of sentencing); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa. Super. 1995) (stating that an allegation that the court ignored mitigating factors challenges the discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Id.***

Appellant preserved this sentencing challenge in a post-sentence motion,[5] filed a timely Notice of Appeal, and has included a Rule 2119(f)

---

[5] Our review of Appellant's Motion for Reconsideration of Sentence reveals that, while Appellant preserved his claim that the court failed to consider mitigating factors such as "evidence of character witness testimony, employment opportunities, and documentation supporting his current health conditions," ***see*** Motion at ¶ 8, he did not assert, as he does now in his Brief, that his sentence was excessive because the Commonwealth only proved that he committed reporting violations. Nor did Appellant include this claim in his Rule 1925(b) Statement. Thus, he has waived this claim. ***See*** Pa.R.A.P. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived.").

Statement in his Brief to this Court. We, thus, proceed to consider whether he has raised a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted).

Appellant has raised a substantial question by asserting that the VOP court did not consider all the sentencing factors, in particular his rehabilitative needs, before imposing sentence. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (concluding that an appellant presents a substantial question by alleging that his sentence is manifestly excessive because court did not consider all sentencing factors); *Commonwealth v. Dodge*, 77 A.3d 1263, 1270-73 (Pa. Super. 2013) (finding a substantial question where an appellant alleged that his sentence was "clearly unreasonable" because court did not consider his rehabilitative needs).

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Phillips*, 946

A.2d at 112. Following the revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. ***See*** 42 Pa.C.S. § 9771(c). The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation. ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa. Super. 2006). Rather, "upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Tann***, 79 A.3d 1130, 1132 (Pa. Super. 2013) (citation omitted).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question[.]" ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super. 2010.) Rather, the record as a whole must reflect the resentencing court's consideration of the facts of the case and the defendant's character. ***Id.***

Instantly, the VOP court, after considering the record as a whole, found meritless Appellant's claims that the court imposed an excessive sentence. It explained as follows:

First, when fashioning a sentence, this [c]ourt considered Appellant's lengthy, multi-state criminal history that spans back to 1988. Appellant is 51 years old and has over 20 convictions as an adult for charges such as theft and assault. In fact, at the time of this sentencing, Appellant still had open matters in New Jersey and New York. It is clear to this [c]ourt that Appellant has had plenty of opportunities to change his behavior and to take advantage of programs offered by county correctional facilities and treatment centers, yet he has consistently failed to do so. Further, not only has Appellant incurred new convictions, he has routinely failed to appear in court and has obtained absconder warrants from multiple jurisdictions. He has indicated that he does not take [c]ourt orders seriously and has a high likelihood of reoffending.

Second, this [c]ourt considered the nature of Appellant's crimes and found that incarceration was necessary to protect the public. Appellant's crimes are almost all theft related and include identity theft and credit card theft. These are not victimless crimes. Appellant has shown a complete disregard for the community and does not consider the lives of those he impacts. He received a near maximum county sentence previously and then began to commit crimes again upon his release.

At the hearing, Appellant stated that this time was different because he contracted Coronavirus and has new outlook on life. However, there was no mention of any treatment programs or centers Appellant was involved in or hoped to be involved in. There was no mention of remorse for prior victims. There was no mention of acceptance of responsibility for Appellant's actions. Appellant merely offered more excuses for his behavior and conjured up a new reason why this [c]ourt should yet again reprieve him from the consequences of his actions.

Upon consideration of the outlined factors, this [c]ourt believed a sentence of total confinement was necessary and appropriate. It is the only sentence this [c]ourt could impose to show Appellant the seriousness of his conduct. No other sentence has worked

previously, and this [c]ourt did not want to just merely "punt" Appellant's case to the next jurisdiction. Anything less would depreciate the seriousness of Appellant's actions. This court expressed each of these considerations clearly on the record for Appellant to understand the reasoning behind the imposed sentence.

Trial Ct. Op., 10/28/21, at 5-6 (citations to the Notes of Testimony omitted).

As set forth above, the trial court was aware of and considered Appellant's rehabilitative needs and took those needs into account when imposing sentence. The court balanced those needs with, among other things, Appellant's recidivism and lack of remorse, the gravity of the offense as it relates to the impact on the community, and the need for the court to vindicate its authority. Simply, in light of these considerations, we conclude that the VOP court did not abuse its discretion in imposing Appellant's sentence and Appellant is not entitled to relief on this claim.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2022