J-S28045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KASAON MURPHY | : | |
| | : | |
| Appellant | : | No. 1338 WDA 2022 |

Appeal from the Judgment of Sentence Entered May 31, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000618-2021

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED:  September 26, 2023**

Appellant, Kasaon Murphy, appeals from the judgment of sentence entered on May 31, 2022, in the Court of Common Pleas of Allegheny County, Pennsylvania. We vacate the judgment of sentence and remand for resentencing consistent with the terms of the negotiated plea agreement.

The facts and procedural history are as follows: On March 30, 2021, the Commonwealth filed a criminal information charging Appellant with one count each of Robbery – Serious Bodily Injury (18 Pa.C.S. § 3701(a)(1)(ii)), Aggravated Assault (18 Pa.C.S. § 2702(a)(1)), Theft by Unlawful Taking (18 Pa.C.S. S 3921(a)), and Criminal Mischief (18 Pa.C.S. § 3304(a)(2)). On May 30, 2022, Appellant pled guilty to the robbery and aggravated assault charges

_____

[*] Former Justice specially assigned to the Superior Court.

pursuant to a negotiated plea deal with the Commonwealth. Docket Entry ("D.E.") 3.

At the guilty plea hearing, the Commonwealth advised the court,

Your Honor, we have reached a plea agreement for your consideration. In terms of the charges, it would be an exchange for the defendant's plea of guilty to [counts one and two]; the Commonwealth would agree to withdraw the remaining counts. We also have a sentence agreement for your consideration. That would be 3 and a half to 7 years incarceration for both counts to be run concurrently.

N.T. at 2-3. Defense counsel then said, "That's correct, Your Honor." N.T. at 3.

The court conducted the colloquy of Appellant as required. N.T. at 3-9. The attorney for the Commonwealth summarized the factual basis for the guilty plea on the record:

Your Honor, had this case proceeded to trial, the Commonwealth would have called Swissvale police officers Ryan Waros, W-A-R-O-S, and Detective John Carrado, C-A-R-R-A-D-O, as well as victim Lakeisha, L-A-K-E-I-S-H-A, Wright, W-R-I-G-H-T, who would have testified and offered other evidence that on or about January 13th of 2021, Swissvale police responded to the area of 7454 McClure Avenue for a report of shots fired.

When they got there, Officer Waros would testify that he recovered shell casings on the ground in that area. And there was a simultaneous 911 call from the victim, Lakeisha Wright, describing that she had been shot at by the Defendant, later identified as Kasaon Murphy.

[ . . . ]

The victim would testify that she met with the Defendant in a vehicle at McClure Avenue where he took from her at gunpoint: Tobacco; $70, approximately, in cash; and a bottle of alcohol.

- 2 -

> She would also testify that her vehicle had several rounds that were fired into the car. And when she was later [sic] - she had met Mr. Murphy a few times previously and was able to give his identity to the police and was also able to ID him in a photo lineup.

N.T. at 9-10.

The court confirmed that Appellant was pleading guilty because he did the things that the Commonwealth alleged he did, and Appellant said "Yes." N.T. at 11. The court then stated, "I find that you are making a knowing, intelligent, and voluntary decision to plead guilty. I find that your attorney is effective in his representation of you. I find that there's a legal and factual basis to accept your guilty plea, therefore, I do accept it." N.T. at 11. Defense counsel then stated, "Your Honor, again, there is a proposed sentencing agreement for your consideration of 3 and a half to 7 years." N.T. at 11. Before acknowledging or approving the agreed upon sentence, the court engaged in a discussion with Appellant regarding his behavior that led to the charges. N.T. at 12-22.

At the conclusion of the hearing, the court imposed the three and a half to seven-year sentence of incarceration "consistent with the terms of the plea offer" on count one. N.T. at 22. However, on count two, instead of imposing a concurrent sentence of three and a half to seven years' incarceration, the court *sua sponte* imposed a consecutive two-year period of probation. N.T. at 22-23. The court asked Appellant, "Do you understand your sentence?" N.T. at 23. Appellant replied "Yes." N.T. at 23. The court then advised Appellant that he had ten days to file a post-sentencing motion challenging the validity of his guilty plea and thirty days to file a direct appeal to the Superior Court.

N.T. at 23. The court asked defense counsel, "Did you go over the terms and conditions of probation with your client?" to which defense counsel responded, "I didn't, Your Honor, because it wasn't in the initial offer of the propose[d] sentence. I can go over it with him and then provide the documentation." N.T. at 24-25. Defense counsel waived a reading of the probation terms and conditions and the hearing concluded. N.T. at 25.

On June 10, 2022, Appellant timely filed a post-sentence motion seeking modification of the sentence imposed, asking that his sentence be imposed pursuant to the terms of the negotiated plea agreement. D.E. 15. He states in the motion that the agreement as to sentence is what induced him to waive his right to a pre-sentence investigation and proceed to sentencing. D.E. 15 at 2. This motion was denied by operation of law on October 12, 2022. D.E. 16. On November 10, 2022, Appellant timely filed a notice of appeal and a statement of errors complained of on appeal. The trial court filed a responsive opinion on January 11, 2023. This appeal followed.

Appellant raises one issue on appeal: "Did the trial court err when it imposed a sentence longer than that agreed upon in the negotiated plea agreement?" Appellant's Br. at 5. Specifically, Appellant argues that the sentence imposed does not comport with the agreement as negotiated, and that the trial court must have either (1) accepted the plea and imposed the sentence; or (2) reject the plea and set the case for trial. Appellant's Br. at 15. In other words, Appellant argues that a trial judge may not say "I accept" to a negotiated plea and then add a probationary tail that was not included in

the negotiated plea. Appellant's Br. at 16. The Commonwealth, Appellee, agrees:

> The Commonwealth can find no authority that would permit a sentencing court to add a probationary tail to a sentence where one is not included in the plea agreement. Instead, the court's only options in such cases are to reject the tendered plea deal, or accept it and impose the negotiated sentence. Since the court accepted the tendered plea deal in this case, it was obligated to impose the agreed upon sentence.

Appellee's Br. at 3.

Interestingly, the trial court's responsive opinion in this matter also included no caselaw in support of its position that it can *sua sponte* impose a different sentence than what was in the negotiated plea deal after accepting a plea. The "discussion" section of the court's opinion is reproduced in full below:

> The Defendant's appeal is frivolous. The parties presented the Court with a plea agreement that called for a period of incarceration of three and a half to seven years. The sentence imposed corresponds with the agreement. Given that the penalty imposed was beneath the mitigated range, the Defendant's guidelines report a prior record score of five and the offense conduct involved firing multiple shots at an innocent, unarmed victim; the Court was authorized to impose a probationary tail for protection of the public and in recognition of the gravity of the offense.

Tr. Ct. Op. at 3.

Guilty pleas in this Commonwealth are governed by Rule 590 of the Pennsylvania Rules of Criminal Procedure, which states in relevant part:

Rule 590. Pleas and Plea Agreements

(A) Generally

(1) Pleas shall be taken in open court.

(2) A defendant may plead not guilty, guilty, or, with the consent of the judge, nolo contendere. If the defendant refuses to plead, the judge shall enter a plea of not guilty on the defendant's behalf.

(3) The judge may refuse to accept a plea of guilty or nolo contendere, and shall not accept it unless the judge determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record.

(B) Plea agreements.

(1) At any time prior to the verdict, when counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record in camera and the record sealed.

(2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of nolo contendere is based.

(3) Any local rule that is inconsistent with the provisions of this rule is prohibited, including any local rule mandating deadline dates for the acceptance of a plea entered pursuant to a plea agreement.

Pa.R.Crim.P. 590(A)-(B).

Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

- 6 -

*Commonwealth v. Rotola*, 173 A.3d 831, 835 (Pa. Super. 2017).

Pennsylvania courts have described a "continuum" of plea bargains:

> In an open plea agreement, there is an agreement as to the charges to be brought, but no agreement at all to restrict the prosecution's right to seek the maximum sentences applicable to those charges. At the other end of the negotiated plea agreement continuum, a plea agreement may specify not only the charges to be brought, but also the specific penalties to be imposed. In between these extremes there are various options, including an agreement to make no recommendation or … an agreement to make a favorable but non-binding recommendation. So long as the limits of the agreement are plainly set forth on the record, understood and agreed to by the parties, and approved by the trial court, we find no impediment in [Rule 590] to the offer, acceptance, performance or enforcement of such plea agreements.

*Commonwealth v. Parsons*, 969 A.2d 1259 (Pa. Super. 2009) (*en banc*). In determining the proper outcome of this case, *Parsons* is instructive.

In *Parsons*, the defendant and the Commonwealth reached a plea deal as to charges of statutory sexual assault and corruption of minors and a specific sentence of six to twenty-three months' imprisonment and five years' probation. *Parsons*, 969 A.2d at 1263, 1265. The court accepted the agreement at a plea hearing, but deferred sentencing for the completion of the presentence report. *Id*. at 1263. At sentencing, the defendant argued that the negotiated sentence was too harsh because of his mental disabilities. *Id*. at 1264.

"Despite the clarity of the plea agreement both as to the charges and the specific sentence, and notwithstanding [the defendant's] acknowledgement of the expected sentence at the plea hearing, the court

allowed [him] to lodge an untimely challenge to the sentencing term of the plea agreement . . . ." *Id.* at 1265. The trial court then "refused to impose the agreed-upon fixed sentence," and sentenced him to three months' probation for statutory sexual assault, and a consecutive five years' probation for corruption of minors. *Id.* at 1264.

The Commonwealth appealed, arguing the trial court erred by "unilaterally modif[ying] a non-severable term of the parties' agreement." *Id.* at 1266. As remedies, the Commonwealth suggested, "If the [trial] court were dissatisfied with the sentencing aspect of the agreement, then the proper recourse would have been to reject the plea agreement and return the parties to parity." *Id.* Alternatively, "[b]ecause the court accepted the plea but later altered the negotiated sentence provision of the plea agreement without the Commonwealth's consent, . . . the case [could be] remanded for imposition of the sentence pursuant to the plea bargain." *Id*.

This Court in *Parsons* concluded that the trial court erred in setting aside the sentencing term without the Commonwealth's consent. *Id.* at 1272. In terms of the appropriate remedy, the Court determined it was appropriate to vacate the trial court's sentence "and remand for imposition of the sentence pursuant to the plea bargain" that the trial court originally accepted. *Id.* at 1271. We further observed no injustice would occur because the defendant accepted the terms of the plea bargain and had no reasonable expectation of the finality of a sentence below the negotiated term. *Id*.

Instantly, the parties negotiated clear terms as to the charges and sentence. The agreement was mutually beneficial to the parties because the Commonwealth would be saving the time and resources of proving the facts beyond a reasonable doubt at a trial, and Appellant would plead guilty to two out of four charges in exchange for a fixed sentence. Both parties waived their constitutional rights to avoid the risk and expense of trial and proceeded to the plea hearing at which they presented all the facts and circumstances surrounding the agreement.

The issue then becomes determining what type of plea agreement on the continuum this case concerns. The **Parsons** court was concerned with the difference between cases involving only a sentence *recommendation* and cases such as **Parsons** involving a specific sentence in the explicitly negotiated terms of the plea bargain because the court's acceptance of the plea, which included the agreed-upon sentencing term, "created legitimate expectations for both sides as to the sentence to be imposed." **Id.** at 1269.

> Where the plea bargain calls for a specific sentence that is beyond the prosecutor's narrowly limited authority in sentencing matters, the plea bargain implicates the court's substantive sentencing power, as well as its guardianship role, and must have court approval. Thus, the trial court has broad discretion in approving or rejecting plea agreements. The court may reject the plea bargain if the court thinks it does not serve the interests of justice. If the court is dissatisfied with any of the terms of the plea bargain, it should not accept the plea; instead, it should give the parties the option of proceeding to trial before a jury. Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, **and the court accepts and approves the plea**, then the parties **and the court** must abide by the terms of the agreement.

*Commonwealth v. Root*, 179 A.3d 511, 517 (Pa. Super. 2018) (emphasis added). The instant case is one in which the "plea bargain calls for a specific sentence that is beyond the prosecutor's narrowly limited authority in sentencing matters" because the plea to which the Commonwealth and Appellant agreed included a clear expression of a specific sentence as a term of the agreement.

After a thorough comparison of the cases, we find that *Parsons* is applicable here. As detailed above, the recitation of the plea agreements on the record to the courts in both cases included equally clear expressions that a specific sentence was a term of the agreement, not an agreement to make a mere non-binding sentencing recommendation. Compare N.T. at 2-3 ("Your Honor, we have reached a plea agreement for your consideration. In terms of the charges, it would be an exchange for the defendant's plea of guilty to [counts one and two]; the Commonwealth would agree to withdraw the remaining counts. We also have a sentence agreement for your consideration. That would be 3 and a half to 7 years incarceration for both counts to be run concurrently."); with *Parsons*, 969 A.2d at 1263 ("In the plea agreement, there's an agreed upon sentence by the defense and the Commonwealth for a sentence of 6 to 23 months on the statutory sexual assault followed by 5 years' probation on the corruption of minors. This is a charge agreement as the court can see from the information as well as the sentencing agreement if the court should choose to accept the agreement." (emphasis omitted)). Thus,

the trial court's approval was required, and we must next determine if the trial court actually accepted and approved the plea.

Here, the trial court stated on the record, "I find that there's a legal and factual basis to accept your guilty plea, therefore, I do accept it." N.T. at 11. Thus, it would appear that the parties and court were bound be the terms of the agreement. However, our independent research has revealed caselaw that requires discussion.

> In the process of negotiating a guilty plea, the prosecutor may make promises to the defendant, for instance recommending a maximum sentence for the crimes committed. Although the prosecutor is bound to act in accordance with those promises, this "in no way binds the presiding judge to the terms of the agreement." *Commonwealth v. Zuber*, 466 Pa. 453, 353 A.2d 441, 444, n.4 (Pa. 1976); *see also Commonwealth v. Wilkins*, 442 Pa. 524, 277 A.2d 341, 343 (Pa. 1971) (noting that under a negotiated plea agreement, the defendant "knew that he could not count on the court being bound by the recommendation [of sentence]"). In fact, the presiding judge can still sentence the defendant to any term allowed under the Sentencing Code, provided that the defendant has the chance to withdraw his guilty plea if the judge's sentence is not in accordance with his negotiated agreement. Pa. R. Crim. P. 591(A).

*Commonwealth v. Wallace*, 870 A.2d 838, 843 n.5 (Pa. 2005). Further,

> Following the acceptance of a negotiated plea, the trial court is not required to sentence a defendant in accordance with the plea agreement. Such a sentence is legal, so long as it does not exceed the statutory maximum. However, a criminal defendant who is sentenced to more than was agreed upon in a negotiated plea may withdraw his guilty plea upon being deprived of the benefit of his bargain. *See, e.g., Wallace*, 870 A.2d at 843 n.5 (citing Pa.R.Crim.P. 591(A)). Nonetheless, when such a criminal defendant violates the terms of his probation, he may be resentenced up to the statutory maximum, regardless of the fact that the lesser sentence induced him to plead guilty in the first place.

*Commonwealth v. Tann*, 79 A.3d 1130, 1133 (Pa. Super. 2013).

The circumstances of *Wallace* and *Tann* are distinguishable from this case in that they are both in the context of probation revocation.[1] In *Wallace*, our Supreme Court, noting that the trial court upon the revocation of probation possesses all of the sentencing alternatives it had at the time of the initial sentencing, held "the court is similarly free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and a prosecutor." *Wallace*, 870 A.2d at 843. In *Tann*, the defendant accepted a negotiated plea and was sentenced by the trial court pursuant to the agreement, but twice violated his probation and was then resentenced outside the terms of the maximum penalty stated in the original plea colloquy. This Court found the new sentence to be

---

[1] "Case law related to sentencing following revocation of parole or probation refers to a different situation. These cases enunciate the legal principle that, where the original sentence evolved from a plea bargain, and a defendant later violates his parole or probation, the defendant has effectively abrogated the underlying plea bargain. At re-sentencing following revocation of parole/probation, the court is no longer bound by the terms of the original plea bargain; so breached, the sentencing aspect of the original plea bargain is no longer binding on the court, which then has the full panoply of sentencing options available upon re-sentencing following revocation. These revocation cases are limited in their scope and plainly do not stand for the overbroad proposition that sentencing is always left to the sound discretion of the trial court in every plea bargain case, regardless of the court's acceptance of a negotiated plea agreement for a specified sentence." *Commonwealth v. Parsons*, 969 A.2d 1259, 1270 n.6 (Pa. Super. 2009) (citations omitted). Confusion has arisen not because *Parsons* was unclear, but because dicta in *Wallace* and *Tann* have suggested a contrary holding. *Parsons* addressed *Wallace* in the footnote quoted here, but *Tann* was before the court four years later.

appropriate in light of the probation violation, not present here, but also noted—importantly for our purposes—that even if the court had initially sentenced the defendant above the maximum stated in the guilty plea colloquy prior to any probation violation, "the sentence would not have been illegal, but Appellant would have been entitled to withdraw his guilty plea." *Tann*, 79 A.3d at 1133.

*Parsons* held that when a plea agreement is entered on the record *and approved by the trial court* in accepting the plea, the parties *and the court* are bound by the terms of the agreement. But the agreement here was not fully approved by the trial court when it accepted his guilty plea.[2] Nonetheless, we acknowledge that this was a negotiated guilty plea with a fixed sentence and the agreement as to sentence is what induced Appellant to plead guilty. Appellant waived pre-sentence investigation which is generally done by defendants taking guilty pleas, and if Appellant had not waived it here, the court would have either had to order a pre-sentence investigation report or state on the record its reasons for not ordering one. Pa.R.Crim.P. 702(A)(2)(a).[3] The Commonwealth had stated the terms of the agreement on

---

[2] After Appellant pled guilty and the trial court said, "I do accept [the plea]," defense counsel then stated, "Your Honor, again, there is a proposed sentencing agreement *for your consideration* of 3 and a half to 7 years." N.T. at 11.

[3] Rule 702(A)(2)(a) of the Pennsylvania Rules of Criminal Procedure requires a sentencing court to place on the record its reasons for not ordering a pre-sentence investigation report when sentencing on a crime for which incarceration of more than one year is possible. Pa.R.Crim.P. 702(A)(2)(a). *(Footnote Continued Next Page)*

the record, defense counsel agreed, and then Appellant pleaded guilty on the record after a colloquy under the assumption that his sentence would be as the Commonwealth agreed. Nothing in the record indicates that Appellant was apprised of the fact that a consecutive probationary tail would be imposed as part of his sentence.

Although it is true that Appellant's negotiated plea called for concurrent sentences, in light of **Wallace** and **Tann**, the court's acceptance of his guilty plea still did not legally preclude it from imposing a lighter but consecutive sentence for count two. However, after accepting a guilty plea, if a trial court imposes a different sentence than that which was agreed upon by the defendant, the trial court must give the defendant the option to withdraw his plea and proceed to trial. **See Tann**, 79 A.3d at 1133 ("[A] criminal defendant who is sentenced to more than was agreed upon in a negotiated plea may withdraw his guilty plea upon being deprived of the benefit of his bargain.")

Here, the trial court accepted a plea that included as a term a specific penalty to be imposed. The court adhered to the agreement on count one when it stated, "it's the sentence of this Court, consistent with the terms of the plea offer, you be sentenced to serve . . . 3 and a half to 7 years . . . ."

---

Where a pre-sentence investigation report is not ordered, the sentencing court must conduct a pre-sentence inquiry such that it is "apprised of the particular circumstances of the offense, not limited to those of record, as well as defendant's history and background." **Commonwealth v. Goggins**, 748 A.2d 721, 728 (Pa. Super. 2000).

N.T. at 22. Then the court deviated from the agreement and used discretion[4] in imposing the sentence on count two. The court informed Appellant only of his right to challenge the validity of his plea itself or to file a direct appeal, but did not allow Appellant a chance to withdraw his plea or inform Appellant that receiving a sentence other than his agreed upon sentence was a basis for withdrawal of his plea. Such was error. Under the applicable law of Pennsylvania discussed above, Appellant was entitled either to receive the benefit of the bargain, including the agreed-upon sentence, or the option to withdraw his plea.

Even without having been provided this opportunity, Appellant timely filed a post-sentence motion. Filing a post-sentence motion to withdraw a plea or modify a sentence is required for a challenge to the imposition of a sentence as violative of the plea agreement. Because Appellant had no opportunity to withdraw his plea and he filed a post-sentence motion that was denied by operation of law, Appellant is entitled to relief. A determination of an appropriate remedy, however, involves two considerations.

_____

[4] Although the trial court's opinion cited no cases, we glean from the reasons stated that the trial court considered aggravating and mitigating factors: "Given that the penalty imposed was beneath the mitigated range, the Defendant's guidelines report a prior record score of five and the offense conduct involved ring multiple shots at an innocent, unarmed victim; the Court was authorized to impose a probationary tail for protection of the public and in recognition of the gravity of the offense." Tr. Ct. Op. at 3. However, even though the crimes charged here resulted in incarceration for more than one year, the court did not have the opportunity of a pre-sentence investigation report because Appellant waived it based on his agreed-upon sentence.

Vacating the judgment and withdrawing the plea could return the parties to a relative *status quo* if they were to proceed to trial. Appellant's myriad trial rights would remain intact. As a general rule, Appellant's factual admission during the colloquy would not be admissible at a trial. *See* Pa.R.E. 410. Although withdrawal of a plea is conceivable following remand, it is unsurprising that none of the parties suggested a return to the *status quo* in light of the mutual benefits of the plea agreement.

An alternative remedy suggested by Appellant is that this Court remand the matter for imposition of the agreed upon terms. Appellant's Br. at 17. The Commonwealth agrees that "the most appropriate resolution here is to remand for the imposition of the sentence that the parties agreed on and the court agreed to impose when it accepted the deal." Appellee's Br. at 7-8. This was the result in *Parsons*.

This is not a case where Appellant contests the knowing, intelligent, and voluntary nature of his plea. There was an agreement as to the charges and the sentence reached between the parties, and the trial court deviated from the terms without the Commonwealth's or Appellant's consent after accepting the plea. Given the agreed-upon appropriateness of the negotiated plea agreement sentence and the principles set forth in *Parsons*, we conclude Appellant is entitled to enforcement of the terms of his plea bargain.

Judgment of sentence vacated. Case remanded for resentencing consistent with this memorandum.

Jurisdiction relinquished.

- 16 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/26/2023