J-S39015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD GOGGINS | : | |
| | : | |
| Appellant | : | No. 1106 WDA 2023 |

Appeal from the Judgment of Sentence Entered August 22, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0003154-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEONARD GOGGINS | : | |
| | : | |
| Appellant | : | No. 1107 WDA 2023 |

Appeal from the Judgment of Sentence Entered August 22, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007969-2019

BEFORE: DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED: December 9, 2024**

In these consolidated appeals, Appellant, Leonard Goggins, appeals from the judgments of sentence entered by the Allegheny County Court of Common Pleas following the revocation of his probation. He challenges the discretionary aspects of his sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On June 21, 2021, Appellant pleaded guilty at Docket No. 3154-2018 of one count each of

Possession of a Firearm Prohibited, Firearms not to be Carried without a License, and Resisting Arrest.[1]  At Docket No. 7969-2019, he pleaded guilty to one count each of Possession of a Firearm Prohibited and Firearms not to be Carried without a License.[2]  That same day, the trial court sentenced Appellant to an aggregate term of 662 days of incarceration with 662 days of credit for pretrial detention, followed by 48 months of probation, including 12 months of the probationary period to be served on electronic home monitoring.

On December 3, 2022, police officers arrested Appellant pursuant to a warrant issued for technical violations of his probation, including his failure to report to the probation department for more than four months and his committing offenses that resulted in new criminal charges.  On December 30, 2022, the probation department transferred Appellant to alternative housing. During a search conducted of Appellant's alternative housing, probation officers discovered, *inter alia*, a vape pen containing hemp oil indicative of THC, which resulted in Appellant's remand to Allegheny County Jail.

---

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 5104, respectively.

[2] 18 Pa.C.S. §§ 6105(a)(1) and 6106(a)(1).

On June 30, 2023, the probation department prepared a "Convicted Violation Report" for the trial court. The report listed two technical violations and two new convictions.[3]

On August 22, 2023, the violation of probation ("VOP") court held a hearing on the probation violations. The Commonwealth presented the testimony of Autumn Weaver from the Adult Probation Department, who testified that, on July 27, 2022, Appellant told a probation officer conducting a field visit that he "was not on probation[,] would not comply with conditions[, and] that the probation officer needed to make an appointment with him before conducting any field visits with him at his residence." N.T. Hr'g, 8/22/23, at 4. She also testified regarding Appellant's two new convictions for drug offenses. She informed the court that, following Appellant's new convictions, Appellant entered a drug treatment program, but he had been dismissed from the program within a few weeks for infractions and behavioral issues. She also testified that the probation department had implemented a Justice Related Service ("JRS") plan with respect to the new convictions and recommended a JRS plan in the instant cases, which would include outpatient treatment and Appellant returning home. She testified that the probation department was "recommending that no action be taken at all of the present

---

[3] On June 26, 2023, Appellant was convicted of one count of Possession with Intent to Deliver and two counts of Possession of a Controlled Substance. On June 29, 2023, Appellant was convicted of an unrelated count of Possession with Intent to Deliver.

cases" and asked the court that it "consider the [JRS] plan that the probation department would like [Appellant] to follow." *Id.* at 7.

Vicky Melby from JRS testified on Appellant's behalf that JRS recommended that Appellant return home and attend outpatient rehabilitation treatment. Appellant also presented the testimony of his mother who testified that Appellant had been shot and seriously injured on his way home from work in July 2022. Appellant testified on his own behalf that he suffers from traumatic brain damage, short-term memory loss, and is vision-impaired in one eye. He takes numerous medications, including one to control seizures.

Following its consideration of the evidence, the VOP court concluded that Appellant had violated his probation. Accordingly, the court revoked Appellant's probation and resentenced Appellant below the mitigated range on each count,[4] resulting in aggregate term of 3 to 8 years of incarceration.[5]

On September 1, 2023, Appellant filed a post-sentence motion in which he contended that his sentence was excessive because the court failed to consider his rehabilitative needs. The VOP court denied Appellant's motion on September 5, 2023.

---

[4] Each of Appellant's 2021 convictions were graded as either first-degree felonies, with statutory maximum terms of 20 years of incarceration, or third-degree felonies with statutory maximum terms of 7 years of incarceration.

[5] At each docket number, the court imposed concurrent terms of 1½ to 4 years of incarceration and ordered Appellant to serve the sentence at Docket No. 2018-3154 consecutive to the sentence at Docket No. 2019-7969.

This timely appeal followed. Both Appellant and the VOP court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Did the court abuse its discretion in imposing a manifestly excessive and unreasonable sentence[] of imprisonment contrary to the recommendations of the Adult Probation Office and without considering the factors delineated in 42 Pa.C.S.[] § 9721(b)?

Appellant's Brief at 4.

**A.**

Appellant asserts that his VOP sentence is excessive and manifestly unreasonable because the VOP court did not consider that Appellant suffers from drug addiction and serious physical, emotional, and mental symptoms from having been shot in the head in July 2022. *Id.* at 16. Appellant claims that the court's failure to consider his rehabilitative needs is contrary to the fundamental norms underlying the Sentencing Code and is "outright ignorant of the due process rights of an accused." *Id.*

Appellant's claim challenges the discretionary aspects of his VOP sentence. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right, and a challenge in this regard is properly viewed as a petition for allowance of appeal. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987). An appellant challenging the discretionary aspects of his sentence must satisfy a four-part test. We evaluate: (1) whether Appellant filed a timely notice of appeal; (2) whether Appellant preserved the issue at sentencing or in a motion to

reconsider and modify sentence; (3) "whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal" pursuant to Pa.R.A.P. 2119(f); and (4) "whether the concise statement raises a substantial question that the sentence is appropriate under the [S]entencing [C]ode." ***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa. Super. 2013) (citation omitted).

Appellant preserved his sentencing challenge in a post-sentence motion, filed a timely notice of appeal, and has included a Rule 2119(f) statement in his brief to this Court. We, thus, proceed to consider whether he has raised a substantial question for our review.

Section 9721(b) of the Sentencing Code provides that the "sentence imposed should call for confinement that is consistent with [] the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). ***See also Commonwealth v. Derry***, 150 A.3d 987, 999 (Pa. Super. 2016) (finding that a VOP's court failure to consider factors set forth in Section 9721(b) presents a substantial question). We conclude that Appellant's claim that the court did not consider his rehabilitative needs in fashioning his sentences raises a substantial question. We may, thus, proceed to review the merits of his argument on appeal.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." ***Commonwealth***

***v. Phillips***, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted). Following the revocation of probation, the court may impose a sentence of total confinement if any of the following conditions exist: the defendant has been convicted of another crime; the conduct of the defendant indicates it is likely he will commit another crime if he is not imprisoned; or, such a sentence is essential to vindicate the authority of the court. ***See*** 42 Pa.C.S. § 9771(c).[6]

The Sentencing Guidelines do not apply to sentences imposed following a revocation of probation.[7] ***Commonwealth v. Ferguson***, 893 A.2d 735, 739 (Pa. Super. 2006). Rather, "upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Tann***, 79 A.3d 1130, 1132 (Pa. Super. 2013) (citation omitted).

"A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question[.]" ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa. Super.

---

[6] Our legislature amended Section 9771(c), effective June 11, 2024. The amendments involve resentencing for technical violations of probation, which do not apply here because Appellant's probation violations arose from his conviction of new crimes.

[7] Pennsylvania's Resentencing Guidelines do, however, apply to revocations of probation for offenses committed on or after January 1, 2020. 204 Pa. Code. § 307.2(b). Those guidelines are not applicable here as Appellant committed his underlying offenses before January 1, 2020.

2010.) Rather, the record as a whole must reflect the resentencing court's consideration of the facts of the case and the defendant's character. *Id.*

Instantly, the VOP court, after considering the record as a whole, found meritless Appellant's claim that the court imposed excessive sentences. It explained that it considered the probation violation reports, the guidelines, Ms. Weaver's testimony, and the probation department's recommendation of outpatient treatment and home monitoring. *See* N.T. Hr'g at 7-8, 16-17. However, the court concluded that, as a whole, this evidence indicated that Appellant had been given the opportunity to participate in drug rehabilitation and an alternative housing program but had been kicked out of both. *Id.* at 6, 13-14. It also considered Ms. Weaver's testimony that Appellant had not checked in with his probation officer for months and then told the officer that he was not on probation and would not meet the conditions of his probation. *Id.* at 17. The VOP court was aware of Ms. Weaver's and Ms. Melby's recommendation that the court impose a non-custodial sentence so that Appellant could continue to participate in drug treatment, but determined, in its discretion, that incarceration was appropriate. *See* Opinion, 3/19/24, at 6 (citing N.T. Hr'g at 16-17).

Following our review of the record, we discern no abuse of discretion in the VOP sentence imposed. The record is clear that the court was aware of, and considered, Appellant's rehabilitative needs when sentencing Appellant to a sentence that fell well below the statutory maximum sentence that the VOP court could have imposed. Appellant is, thus, not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/09/2024